### W. C. Wright v. The State.

*No. 543. Decided December 14.*

1. **Seduction—Offer to Marry.**—Article 816 of the Penal Code provides, that if the parties marry each other at any time before the conviction of the defendant, or if the defendant in good faith offer to marry the female so seduced, no prosecution shall take place, or if begun it shall be dismissed.

2. **Same — Offer to Marry in Good Faith.** — By the term, offer to marry in good faith, the statute goes no further than the marriage vow. It does not include nor require the promise to live with, protect, and support—in short, do a husband's part by the prosecutrix afterwards.

3. **Same.**—The marriage of the parties subsequent to the seduction, though followed by the desertion of the husband, is a defense to an indictment for seduction. and so is a bona fide offer of marriage.

4. **Same.**—After prosecution is begun and up to the moment of conviction, the defendant may make his offer of marriage.

5. **Test of Good Faith in Offer of Marriage.**—Where on a trial for seduction the defendant produced a marriage license while the prosecutrix was upon the stand testifying in the case, and in the presence of the court and jury stated to said prosecutrix that in good faith he then and there offered to marry her, and if she would accept him, his honor upon the bench could then and there marry them, *held*, that the only test which could have been made of his good faith would have been for the court to have proceeded to marry the parties, as requested by the defendant, and then if the prosecutrix declined, the court should have ordered the dismissal of the case.

6. **Same.**—Where, on a prosecution for seduction, the defendant, producing a license, proposed to marry the prosecutrix in court, and the district attorney, contesting the good faith of the offer, was allowed erroneously to call witnesses who testified that defendant had declared that he "would not live a day with the prosecutrix; that it would break his mother's heart for him to marry her;" and defendant caused himself to be sworn, and under oath again made his offer of marriage, and promised to live with her and act as a true husband, but the prosecutrix peremptorily declined his offer; *held*, to be strong and touching proof of defendant's good faith, and of the truth of his offer; and further, that

the court should have dismissed the prosecution, and erred in ordering that the trial should proceed.

**7. Prosecutrix's Testimony— Corroboration of.**—Corroborative evidence on a trial for seduction need not be direct and positive, or such evidence as is sufficient to convict independent of that of the prosecutrix, but simply such facts or circumstances as tend to support her testimony, and satisfy the jury that she is worthy of credit.

APPEAL from the District Court of Burnet. Tried below before Hon. W. A. BLACKBURN.

Appellant was indicted for the seduction of one Willie Nisbett, an unmarried female, by means of a promise to marry her. During the progress of his trial he made offers and overtures, in court, to marry the prosecutrix, which she declined; and his trial being ordered by the court to proceed, he was convicted, and his punishment assessed at confinement for four years in the State penitentiary. The facts and circumstances connected with his offer of marriage during the trial will be found fully stated in the opinion of the court, and is the principal subject discussed in the opinion. It is deemed unnecessary to give a statement of the evidence in detail as adduced on the trial.

*R. H. Ward* and *J. G. Cook*, for appellant.—1. The Act of 1891, General Laws, page 91, essaying to repeal exception 3 to article 730 of the Code of Criminal Procedure, whereby the prosecutrix in cases of seduction is made a competent witness, is unconstitutional and void, because the Act of 1891 did not in effect repeal said exception 3, but was in fact an amendment of article 730, Code of Criminal Procedure, and amended article 741 of such code without naming such object in its caption, and also created an affirmative rule of evidence not indicated in its caption. Const. 1876, art. 3, secs. 35, 36; Code Crim. Proc., arts. 730, 731; Gen. Laws, 1891, p. 34.

2. If the defendant, before conviction, in good faith offered to marry the prosecutrix, the prosecution should have been dismissed; and good faith in making such offer could be shown at the time the offer was made by his willingness to, or by actually entering into a marriage contract with the prosecutrix, with such solemnities as would constitute it a binding contract of marriage under the laws of this State; and the "good faith" mentioned in the statute has no reference to his intention to live with her and perform his marital duties after marriage. Penal Code, art. 816; 2 Whart. Crim. Law, sec. 1760.

The issue of fact as to whether the defendant had offered to marry the prosecutrix before his conviction, and as to whether such offer was made in good faith, should have been submitted to the jury—the judge in such cases not being specially empowered by the statute to determine such

issues without a jury.  Penas Code, art. 816;  Code Crim. Proc., arts. 10, 594;  Short v. The State, 16 Texas Ct. App., 44.

Cases in which the judge is specially authorized to try issues of fact: Code Crim. Proc., arts. 524, 565, 583.

If the carnal intercourse was had for the gratification of mutual lusts or passions of said parties, the defendant would not be guilty of seduction, notwithstanding they were engaged to marry each other at the time of the intercourse.  Putman v. The State, 29 Texas Ct. App., 457; Bish. Stat. Crimes, 2 ed., p. 638.

The conviction will not be sustained unless the testimony of the prosecutrix is corroborated by evidence tending to connect the defendant not only with the carnal knowledge, but also with the promise of marriage; and it was error for the court to refuse to charge the jury that the testimony of the prosecutrix as to the promise of marriage should be corroborated by other evidence before they should convict the defendant.  Gen. Laws 1891, p. 34;  The State v. McKaskey (Mo.), — S. W. Rep., 511; The State v. Ferguson (N. C.), — S. E. Rep., 575;  The State v. Gracy (Iowa), — N. W. Rep., 882;  Kenyon v. The People, 26 N. Y., 203; Boyce v. The People, 55 N. Y., 644;  Armstrong v. The People, 70 N. Y., 44;  The People v. Kearvey, 110 N. Y., 188.

*Hammond & Ballard*, and *R. L. Henry*, Assistant Attorney-General, for the State.—1.  The first question is one of practice, and involves what is meant by the word "dismissed," as used in article 816, Penal Code. The statute evidently contemplates that an inquiry into the "good faith" of the defendant in making the offer of marriage can be had.  How is this to be accomplished?  As a matter of course by evidence.  If the evidence satisfies the mind of the court that the proposition of marriage is made in good faith, then it is the duty of the court, upon the refusal to marry by the injured female, to strike the case from the docket.  But if the court is not satisfied as to the good faith of the defendant, the case should be submitted to the jury as to the guilt or innocence of defendant upon the charge of seduction.  The power to dismiss could alone be exercised by the court, and to that end evidence was properly admitted to enable the court to pass intelligently upon the motion to dismiss.  Article 524 of the Code of Criminal Procedure provides, that an issue of fact, arising upon a motion to set aside an indictment or information, shall be tried by the judge without a jury, and we respectfully submit that the question involved in the case at bar comes directly within the provision of this article, and should be governed thereby.  It was for the court, and not the jury, to pass on the matter on the motion made by the defendant at the proper time to dismiss the case.

2.  As to the extent to which, in cases of seduction, it is necessary that the testimony of the prosecutrix should be corroborated, it is only re-

quired that the corroboration should be as to some material fact connecting the defendant with the offense. Hoyle v. The State, 4 Texas Ct. App., 239; Myers v. The State, 7 Texas Ct. App., 640; The People v. Kunz, 14 Cal., 836.

SIMKINS, JUDGE.—Appellant was convicted of the offense of seduction, and his punishment assessed at four years in the penitentiary, from which he appeals.

There are only two questions that need be considered. 1. The defendant, when the evidence of the State was introduced, and before the court had charged the jury, and while the prosecutrix was on the stand, in the presence of the court and jury, in open court, holding a marriage license duly issued, stated to said prosecutrix, that in good faith he then and there offered to marry her, and if she would accept him, his honor then and there could marry them; that he held the marriage license in his hand authorizing the marriage rite. To this offer, before Miss Nisbitt could answer, the district attorney objected, and asked leave to contest the good faith of the offer.

Defendant objected to the contest, on the ground that the only way to test his good faith was for Miss Nisbitt to have accepted his offer of marriage and for the court to agree to perform the ceremony. The court overruled this objection, and allowed the district attorney to make the contest, who proved by several witnesses that defendant had said he would not marry Miss Nisbitt unless compelled to, and he would not live with her. Thereupon the defendant was duly sworn, and under oath and with the license in his hand, again said to Miss Nisbitt, that if she would marry him and live with him, that he would not only marry her, but would live with her, and to the best of his ability discharge all his marital duties towards her. Thereupon Miss Nesbitt said to defendant, "I most positively decline to marry you or to live with you. I would not marry any man who treated a woman as you have done me." Thereupon counsel moved to dismiss the prosecution and instruct the jury to acquit the defendant. The court declined, upon the ground that under the evidence he did not think that defendant intended in good faith to marry Miss Nisbitt and live with her. This testimony is fully set forth in a bill of exceptions. It is signed by the court, with the explanation that when the offer was made the prosecuting witness, Miss Nisbitt, was silent; that it was then the district attorney proposed to test the question of good faith. That upon the introduction of the testimony the court said, "the parties may marry if they wish to do so," and Miss Nisbitt refused to consent, and the court ordered the trial to proceed.

Article 816, Penal Code, declares that if the parties marry each other at any time before the conviction of defendant, or if the defendant in good faith offers to marry the female so seduced, no prosecution shall take

place, or if begun it shall be dismissed. The learned judge appears to have construed "the offer in good faith," spoken of in the statute, to require something more than a bare submission to the marriage rites; that in the "offer" of defendant must be included the promise to live with, protect, and support—in short, do a husband's part by the prosecutrix. Such, however, is not the statute. The law goes no further than the marriage vow; then it must leave the parties. When he marries her, in the language of olden times, "he makes an honest woman of her." He can marry no other woman during her life without a divorce. Mr. Wharton lays down the rule correctly when he says, the marriage of the parties subsequent to the seduction, though followed by the desertion of the husband, is a defense to an indictment for seduction, and so is a bona fide offer of marriage. 2 Whart. Crim. Law, sec. 1760.

If the offer is made before prosecution begun, the grand jury should find no bill. After the prosecution is begun and up to the moment of conviction, defendant may make his offer. As presented in the record, the defendant unquestionably made an offer of marriage to the prosecutrix, and it was sincerely made. In the presence of the whole court, judge, jury, and counsel, and the spectators, he offers to marry the prosecutrix then and there, and the presiding judge to perform the ceremony, and produces the license authorizing the marriage. Of his good faith there can be no earthly doubt. The penitentiary towering above him was the strongest guaranty of the sincerity of his offer. And the court erred in permitting the district attorney to question the bona fides of an offer that was patent to all. The only test that could have been made of his good faith would have been for the court to have proceeded to marry the parties as requested by the defendant, and if the prosecutrix declined to marry him, who was then and there willing to proceed, the court should have ordered the dismissal of the cause.

But again, after the district attorney was erroneously allowed to call in witnesses to prove the defendant's declarations that "he would not live a day with the prosecutrix; that it would break his mother's heart for him to marry her," the defendant caused himself to be duly sworn, and under the sanction of an oath again made his offer of marriage, promising to live with her, and act as a true husband. But the prosecutrix peremptorily declined his offer. While it is true, the oath could not have subjected defendant to the pains and penalties of perjury had he refused after marriage to live with her, still it was a strong and touching proof of the good faith and truth of defendant's offer. The court, on the refusal of prosecutrix, ordered the trial to proceed. The court again erred. The court should have warned her that defendant had done all that the law required, and her refusal of his offer would release him from all criminal liability, and, on her persistent refusal, should have dismissed the prosecution.

· 2. As to the sufficiency of the testimony, we think the witness is amply corroborated as to the promise of marriage and the illicit intercourse. Corroborative evidence need not be direct and positive, or such evidence as is sufficient to convict, independent of that of the prosecutrix, but simply such facts or circumstances as tend to support her testimony, and shall satisfy the jury she is worthy of credit. And when there is other testimony fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated. The State v. Timmens, 4 Minn., 325 (Gil., 241). She testified she yielded to defendant because he faithfully promised to marry her. The witnesses prove that the young lady was highly esteemed, and visited by other young gentlemen, and moved in the best social circles, with a good reputation for chastity and virtue; that he was received by her family as a suitor, and was so persistent in his attentions that all other gentlemen were compelled to cease attendance. His letters breathe undying affection and strong jealousy, and speak of their marriage in the future as a certainty. We think the evidence is amply sufficient to sustain proof of seduction. There is no other question that need be considered. For the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.