93  815
†97  769
97  770

## Staunton.

### MILLS v. COMMONWEALTH.

#### SEPTEMBER 19, 1895.

1. SEDUCTION— *What Evidence Required.*—In a prosecution for seduction un-
der a promise of marriage there cannot be a conviction on the unsup-
ported evidence of the female seduced, but there must be other evi-
dence, not emanating from her mouth, which adds to, strengthens,
confirms, and corroborates her. The seduction and the promise of
marriage are elements of the crime which must be established by
such corroborating evidence in order to sustain a conviction.

2. SEDUCTION— *What Constitutes—Presumption of Chastity—What is Chastity
—Case at Bar.*—To constitute the crime of seduction under promise of
marriage it is necessary to show the seduction, the promise of mar-
riage, and the previous chaste character of the female seduced. But
the chastity of the female is presumed by law, and the burden of im-
peaching it lies on the accused. The chastity protected by the stat-
ute is the absence of actual personal defilement. In the case at bar
there is a conflict of evidence on the subject of the chastity of the
female, and hence the appellate court cannot for that reason disturb
the verdict, but the other elements of the offence are not established
as the law requires.

Error to a judgment of the Corporation Court of the city
of Danville, rendered June 17, 1895, sentencing the plain-
tiff in error to confinement in the penitentiary for two years.

*Reversed.*

The opinion states the evidence.

The first three instructions asked by the plaintiff in error
and given by the trial court were as follows:

"The court instructs the jury that in order to convict the

defendant, Mills, the prosecution must prove to the satisfaction of the jury beyond a reasonable doubt—

"First. That the prosecutrix, Berta Puryear, was, previous to the alleged seduction, of chaste character.

"Second. That at the time of the alleged seduction there was a mutual promise of marriage between the said Mills and the said Berta.

"Third. That the act of seduction was done by the said Mills and accomplished under and by means of said promise of marriage, and that said Berta yielded to said seduction by reason of said promise, and not for some other reason, or to gratify her own criminal desire."

The following instructions asked by the plaintiff in error were refused.

### No. 5.

"The court instructs the jury that, although they may believe from the evidence that the defendant and Berta Puryear had become engaged to be married prior to the alleged seduction, notwithstanding, unless they believe from the evidence that at the time of the carnal connection the promise to marry was held out to her and relied upon by her, and that she did not yield merely to gratify her sexual desires, they must find for the defendant."

### No. 6.

"The court instructs the jury that to find a verdict of guilty they must believe from the evidence in this case that the defendant, at the time of the alleged seduction, used some seductive art of word or manner to induce the girl Berta Puryear to have sexual intercourse with him, and that she did not merely submit for the gratification of her sexual desires, and if there is no evidence of such art at the time they must find for the defendant."

*Berkley & Harrison,* for the plaintiff in error.

*Attorney-Genenal R. Taylor Scott,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

S. D. Mills was indicted in the Corporation Court of the city of Danville at the June term, 1895, for seducing, under promise of marriage, Berta Puryear, a female of previous chaste character. Upon this indictment he was subsequently tried, found guilty, and sentenced to confinement in the penitentiary for the period of two years. To this judgment he obtained a writ of error from one of the judges of this court.

The plaintiff in error asked for six instructions, the first three of which were granted as asked for, and need not, therefore, be further considered.

The fourth instruction as asked for was in the following words: "That the facts of the promise of marriage and the seduction cannot be proved by the unsupported testimony of the said Berta Puryear, but there must be some independent evidence in addition to hers to support the said facts of the promise of marriage and the seduction." The Corporation Court struck out the word "independent," and substituted the word "corroborating" so as to make the latter clause of the instruction read "but there must be some corroborating evidence in addition to hers to support said facts of the promise of marriage and the seduction." The refusal of the court to give this instruction as asked for, and the giving of it in its changed form, are made the subjects of the plaintiff in error's first bill of exceptions.

There can be no doubt that under our statute a conviction cannot be had upon the testimony of the female seduced, unsupported by other testimony. This branch of our statute has not been construed by this court except in the case of *Hausenfluck* v. *Commonwealth,* 85 Va., 702, but that case af-

fords little aid in the determination of the question here presented, because the corroborating evidence was so strong as to place it beyond the reach of all doubt or cavil. No case has occurred, it is believed, in which it has been necessary accurately to weigh and discriminate the character, quantity, or degree of supporting testimony necessary to justify a conviction; nor is it the purpose of this opinion to undertake to indicate the precise amount of corroborating testimony which would in all cases be found sufficient. It is sufficient here to say that it must be evidence which does not emanate from the mouth of the seduced female; that it must not rest wholly upon her credibility, but must be such evidence as adds to, strengthens, confirms, and corroborates her. The instruction under consideration, as given by the court, seems to us properly to expound the law. Indeed, the word "independent" might have had a misleading influence upon the minds of the jury, and the word "corroborating" is the word apt and fitting and generally adopted by judges and law writers to indicate the confirmatory evidence required in this and like cases.

Nor do we think the court erred in its refusal to grant instructions No. 5 and 6, but it is not deemed necessary to show specifically the points in which those instructions as offered are believed to be objectionable.

After the verdict was rendered the court was asked to set it aside upon the ground of misdirection to the jury, and that the verdict was contrary to the law and the evidence, but the court overruled the motion, and its action is the ground of the plaintiff in error's third bill of exceptions, which is accompanied by a certificate of the evidence adduced upon the trial.

To constitute the crime of which the defendant has been found guilty, it is necessary to show, first, the seduction; secondly, the promise of marriage; and, thirdly, the previous chaste character of the female seduced.

It was earnestly contended on behalf of the plaintiff in error that the statute, in the phrase used, "any unmarried female of previous chaste character," intends something more than a woman who has preserved her chastity and kept her person from actual defilement. There are women in whose presence every evil thought stands abashed. They are guarded by their innocence and purity and need no other protection. They stand invulnerable in their own virtue. There are others whose dispositions are more easy and complaisant, but who would have perhaps escaped irretrievable ruin had not their confidence been secured, and their apprehensions put at rest, by a promise of marriage. To shield and save them from the arts of the seducer was the object of the law. It would be but a mockery to extend its protecting care only to those who have no need of its assistance. It should be here and ever the refuge and support of those who most need its protection.

It has been held in *Barker's Case*, 90 Va. 820, that in prosecutions of this character the "chastity of the prosecutrix is presumed by the law and the burden of impeaching it lies on the accused."

We are asked to reconsider the proposition of law here announced. We think that it properly states the rule, and, in any view of it, so far as the previous chastity of the female is concerned, the evidence in this case is with the Commonwealth. There is, at least, a strong conflict of testimony upon the subject, and under the rule of decision in such cases, established by section 3484 of the Code, the verdict upon that point cannot be disturbed. To sustain the conviction of the accused, however, the evidence must establish the other elements of the crime, that is to say, the seduction and the promise of marriage. Berta Puryear was put upon the stand, and, if her testimony were sufficient, the case is made out, but the law declares that no conviction for this offence shall be had upon her unsupported testimony; and,

without prolonging this opinion by going into a minute examination of the evidence, which would be a most unpleasant task, barren of any useful result, it is enough to say that, after a careful scrutiny of all that is contained in the record, we have been unable to discover any testimony or circumstance that tends in the slightest degree to support her statement. There is much to detract from its probability; there is absolutely nothing to corroborate, or confirm it. We are therefore of opinion that, while the law of the case was correctly given to the jury by the learned judge who presided at the trial, yet the facts are wholly insufficient to warrant the verdict, and the motion to set it aside ought to have been granted.

For these reasons the judgment should be reversed, a new trial awarded, and the case remanded to the Corporation Court of the city of Danville.

*Reversed.*