TEDFORD vs UNITED STATES.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 608).

1. *Criminal Law—Continuance.*

The refusal of a continuance lies within the discretion of the court.

2. *Seduction—Trial—Question for the Jury.*

Under Mansf. Dig. § 1587 (Ind. Ter. Ann. St. 1899 § 930) no person shall be convicted of having carnal knowledge of any female under promise of marriage unless the testimony of the female is corroborated. It is for the jury to decide whether there was corroborative evidence of the promise to marry.

3. *Same—Presumption of Chastity.*

In a prosecution for seduction an instruction that the burden of proof was on defendant to show that prosecutrix was not chaste

as the law presumes every woman to be chaste and proof must be sufficient to raise a reasonable doubt, is ample statement of the law.

4. *Criminal Law—Indictment.*

Under Mansf. Dig. § 2106 (Ind. Ter. Ann. St. 1899 § 1449) an indictment is sufficient if it can be understood from it that the act or omission charged as the offense is stated with sufficient certainty to enable the court to pronounce judgment according to the right of the case.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Wm. H. H. Clayton, December 16, 1904.

Burrel Tedford was convicted of seduction, and appeals. Affirmed.

Defendant was charged with seduction by an indictment filed November 17, 1904, as follows: "Indictment for Seduction. The grand jurors for the United States of America, selected, summoned, impaneled, sworn, and charged to inquire within and for the body of the Central District of the Indian Territory, at South McAlester, in the name and by the authority of the United States, upon their oaths do find, present, and charge that one Burrel Tedford, who was not then and there a member of any Indian tribe or nation, on the 20th day of April, 1903, within the Central District of the Indian Territory, unlawfully and feloniously did then and there obtain carnal knowledge of one Rose Hefley, a female not then and there his wife, by virtue of a certain feigned and pretended marriage between them, and by virtue of a false and feigned express promise of marriage then and there made by him the said Burrel Tedford, the said Rose Hefley not being then and there a member of any Indian tribe or nation, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America." On December 2, 1904, defendant filed motion for continuance, which was overruled, defendant

excepting, and on said day trial began to a jury and defendant found guilty. On December 19, 1904, motions for new trial and in earnest of judgment -were filed, both of which were overruled by the court, and on January 3, 1905, defendant was sentenced to the penitentiary for two years and a fine of $10. Defendant appeals to this court.

*Harley & Lewis*, for appellant.

*J. H. Wilkins*, U. S. Atty.

GILL, C. J. (after stating the facts as above). Appellant presents seven assignments of error.

First. That the court erred in overruling defendant's motion for continuance. We have examined the affidavit for continuance. Two of the witnesses claimed to be absent. Lem East and Will Owens, appeared and testified on the trial. The testimony of the absent witness, Fretwell, was of the same nature as that of Owens and East, and the testimony of Dr. Green was probably regarded as incompetent by the court, and no diligence whatever is shown in endeavoring to secure his testimony. The refusal of a continuance is largely a matter of discretion with the court, and the court's discretion was not abused in its action.

The second assignment is that the court committed error in permitting testimony to go to the jury as to the reputation of prosecutrix after August 4, 1901, the date of the first intercourse. We do not see how this could in any wise prejudice appellant, and the question permitted went to the reputation of prosecutrix up to the discovery of her intercourse with appellant, which, in the opinion of the court, was not prejudicial error.

A third error assigned was the refusal of the court to give the following instruction: "The court instructs the jury in this case, in order to convict the defendant of the charge of seduction, the testimony of the prosecuting witness, Rose

Hefley, must be corroborated as to every material allegation in the indictment, and you are further instructed that in this case that such corroboration as to the promise of marriage has not been sufficiently made to support a verdict of guilty, and you are therefore instructed to return a verdict of not guilty." The statute under which the indictment was found is section 1587, Mansf. Dig. [section 930, Ind. Ter. Ann. St. 1899], and reads: "Any person who shall be convicted of obtaining carnal knowledge of any female by virtue of any feigned or pretended marriage, or of any false or feigned express promise of marriage, shall, on conviction, be imprisoned not exceeding two years in the penitentiary and fined in any sum not exceeding five thousand dollars; but no person shall be convicted of said crime upon the testimony of the female, unless the same be corroborated by other evidence." The instruction asked by the defendant is equivalent to requesting that the court shall pass upon the evidence in the case, and find that there is no corroborative evidence of the promise of marriage and peremptorily instruct a verdict for defendants. This instruction was properly refused. It was for the jury to say whether the facts and circumstances corroborated the story of the prosecutrix as the defendant admitted the sexual intercourse.

Appellant does not attempt in his brief to sustain the fourth assignment of error, and, as it relates to the running of the statute of limitation and the deduction therefrom of the time defendant was absent from the territory, we hold the court's instruction in this regard to have correctly stated the law.

Appellant's fifth assignment of error is as follows: "That the court erred in instructing the jury that the burden of proof was on the defendant to establish that at the time of the alleged seduction the prosecutrix was not a chaste and virtuous woman." An examination of the record shows that no exceptions were

reserved to this part of the court's charge, nor did appellant offer for the consideration of the court any instruction covering any different view of the law than presented in the court's instruction, and the point consequently is not properly before us for consideration. But the court's charge in this regard was in two parts: (1) The court charged the jury: "The law presumes in the first instance every woman to be chaste, * * * and the burden is upon the defendant to show her unchastity. Her reputation may be introduced in evidence before you as a chaste and virtuous woman at the time of this intercourse." (2) "The law * * * presumes that she was chaste, and it throws upon the defendant the burden of making proof that she was not, and, before you can believe that she was not chaste, that proof which the law requires the defendant to offer before you must arise to that dignity as to raise in your minds a reasonable doubt of guilt." Certainly the presumption is fairly stated, and the definition as to what burden is thrown on defendant to overcome it is tersely and pointedly given. The instruction as a whole undoubtedly and plainly states the law.

These points having been settled, appellant's sixth assignment, going as it does to the court's refusal to grant a new trial, does not state error.

Appellant's seventh assignment of error is that the court erred in overruling defendant's motion in arrest of judgment. "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." Mansf. Dig. § 2302 [Ind. Ter. Ann. St. 1899, § 1645]. "The indictment is sufficient if it can be understood therefrom: First. That it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated. Second. That

the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment. Third. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Mansf. Dig. § 2106 [Ind. Ter. Ann. St. 1899, § 1449].

The indictment in this case was found by a grand jury in the Central district of Indian Territory, states an offense committed in that district, and was tried to a jury in that district, and the court had complete jurisdiction. It charges the offense with the degree of certainty required by the law, and the motion in arrest of judgment was properly overruled.

Finding no error in the record, the judgment and sentence of the court below is affirmed.

TOWNSEND and LAWRENCE, JJ., concur.