## COOPER *v.* STATE.

### Opinion delivered April 13, 1908.

1.  SEDUCTION—EXTENT OF CORROBORATION REQUIRED.—Kirby's Digest, § 2043, providing that no person shall be convicted of the crime of seduction upon the testimony of the female "unless the same be corroborated by other evidence," requires corroboration as to the promise of marriage and the fact of sexual intercourse, but not as to the falsity of the promise.  *Lasater* v. *State,* 77 Ark. 468, followed. (Page 31.)

2.  INSTRUCTION—RELEVANCY.—As the jury is not bound to accept as true all of the testimony of the State or of the defendant in a criminal case, but may find the truth to lie partly on one side and partly upon the other, it was proper for the court to submit an instruction covering a phase of the evidence which may be fairly deduced partly from one side and partly from the other.  (Page 31.)

   Appeal from Franklin Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

   *Sam. R. Chew* and *W. W. Cotton,* for appellant.

   1.   The prosecuting witness fails of corroboration on the propositions that appellant obtained carnal knowledge of her, and that he did so by virtue of a false or feigned *express* promise of marriage.

   2.   The 7th instruction was erroneous.

   *William F. Kirby,* Attorney General and *Dan'l Taylor,* Assistant, for appellee.

   The prosecutrix is sufficiently corroborated.   77 Ark. 572; 40 Ark. 485.

   PER CURIAM.   This is an appeal by the defendant from a conviction for the crime of seduction.   The case has been fully

argued by appellant's counsel in brief and at bar, and finally resolves itself into two points: First, was the testimony of the prosecutrix as to the promise of marriage and the carnal connection with the defendant sufficiently corroborated to meet the requirements of the law? and, second, was the 7th instruction justified by the facts?

1. The evidence of corroboration was of circumstances showing the relation and conduct of the parties to each other, and is sufficient to sustain a verdict, under the principle announced in *Lasater* v. *State*, 77 Ark. 468. This is conceded, and the attack is on the soundness of that decision. The court was then and is now convinced that the statement by the Court of Appeals of New York of the nature and character of evidence of corroboration expected and required, which was adopted, was sustained by both reason and authority.

2. The 7th instruction is as follows: "This is a prosecution for seduction, and it contemplates the obtaining of carnal knowledge of a woman of actual personal chastity by virtue of a false express promise of marriage. The law presumes the woman to be chaste; and if the defendant maintains that she is unchaste, he must show it by evidence. If a woman lapses from personal chastity, yet if she reforms and maintains her personal chastity for such a time that the jury can see that she is actually personally chaste at the time of the alleged seduction, then if the accused obtains carnal knowledge of her person by a false express promise of marriage, and this is sufficiently proved, the defendant should be convicted. If, however, it appears that the woman at the time of the alleged seduction was not possessed of actual personal chastity, the accused should be acquitted."

It is admitted that, abstractly, this is a correct statement of the law; but it is urged that there was no testimony authorizing that part of it which refers to the reformation after lapse from virtue. The prosecutrix testified that she had had no connection with any man save alone the defendant, and with him only under promise of marriage. The defendant introduced the testimony of one witness which, if believed, would have shown a shocking lack of chastity. That phase of the testimony was covered in the last paragraph of this instruction.

The defendant also introduced a witness who testified that several years prior to the time in question, when the prosecutrix was little more than a child, and he a mere boy, they had intercourse once. This the prosecutrix denied. The jury is not bound to accept all of a witness' testimony, or all of the theory of the State or of the defendant, but may find the truth to lie partly on one side and partly upon the other. When such is the case, it is right and proper for the court to submit an instruction covering the phase of the evidence which may be fairly deduced, partly from one side and partly from the other. *Kinman* v. *State,* 73 Ark. 126. The jury may have disbelieved the prosecutrix's denial of having intercourse with this boy when she was a child, and yet believed the balance of her testimony; and believed the testimony of this boy and disbelieved the testimony of the other witness who testified to acts of gross immorality at recent times. This possible view of the entire testimony rendered it proper for the court to present the law covering this phase of it. Had the court not done so, the jury should, under the latter part of this instruction, have acquitted the defendant if they had believed this boys testimony of the prosecutrix's single lapse from virtue when a mere girl, although they may have believed that she had lived a virtuous life for several years. That would not have been the law nor the justice of the case.

The court was right in giving this instruction, and there was no error in it. This case presents a sharp conflict in the evidence as to every material fact. It is the misfortune of the defendant that the jury did not believe his witnesses, and that seems to be the only ground he has of complaint.

The judgment is affirmed.