Richmond.

RIDDLEBERGER v. COMMONWEALTH

November 14, 1918.

1. SEDUCTION—*Corroboration of Prosecutrix—Promise of Marriage —Circumstantial Evidence.*—To sustain a conviction for seduction under section 3679, Code of 1904, which provides that no conviction shall be had of the offense *aforesaid* "on the testimony of the female seduced * * * unsupported by other evidence * * *," the corroborating evidence need not be direct but may be circumstantial, or partly direct and partly circumstantial evidence. Touching the promise of marriage, it is also well settled that the supporting evidence need be such only as the character of that matter admits of being furnished.

2. SEDUCTION—*Corroboration of Prosecutrix—Promise of Marriage —Circumstantial Evidence.*—The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence, the supporting evidence possible in most cases is the subsequent admission or declaration of the party making it; or the circumstances which usually accompany the existence of an engagement of marriage.

3. SEDUCTION—*Corroboration.*—The corroborating evidence need not be sufficient to convict independent of the testimony of the prosecutrix, but it is sufficient if it supplies such facts or circumstances as tend to support such testimony upon the essential elements of the offense.

4. SEDUCTION—*Corroboration of Prosecutrix—Promise of Marriage —Circumstantial Evidence—Question for Jury.*—Where there is other evidence fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated.

5. SEDUCTION—*Corroboration of Prosecutrix—Promise of Marriage— Evidence Consistent With The Conclusion That There Was no Promise of Marriage.*—The corroborating evidence must be held to be insufficient to support a conviction wherever such evidence is as consistent with the conclusion that there was no promise of marriage as with the conclusion that there was such a promise.

6. SEDUCTION—*Corroboration of Prosecutrix—Promise. of Marriage —Evidence Consistent With The Conclusion That There Was no Promise of Marriage—Case at Bar.*—In the instant case an examination of the record shows no evidence other than that emanating from the mouth of the prosecutrix, which is not as consistent with the conclusion that there was no promise of marriage as with the conclusion that there was such a promise.

*Held:* That there was error in the judgment of conviction and the verdict of the jury must be set aside and a new trial granted.

Error to a judgment of the Circuit Court of Shenandoah county.

*Reversed.*

The opinion states the case.

*Walton & Walton* and *C. B. Guyer,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General; J. D. Hank, Jr., assistant Attorney-General,* and *F. B. Richardson,* for the Commonwealth.

SIMS, J., delivered the opinion of the court.

In this case the accused was convicted, under section 3677 of the Code, of the seduction of the prosecutrix under promise of marriage, and the judgment complained of was entered by the court below accordingly.

In the view we take of the case, only one of the assignments of error need be considered, and that is, that there was error in the refusal of the trial court to set aside the verdict of the jury because there was no evidence to support the testimony of the prosecutrix in her claim that there was a promise of marriage.

Section 3679 of the Code provides that no conviction shall be had of the offense aforesaid "on the testimony of the

female seduced * * unsupported by other evidence
* * "

As said by Judge Keith, in the opinion of this court delivered by him in the *Mills Case,* 93 Va. 815, 22 S. E. 863. "No case has occurred, it is believed, in which it has been necessary accurately to weigh and discriminate the character, quantity and degree of supporting testimony necessary to justify a conviction; nor is it the purpose of this opinion to undertake to indicate the precise amount of corroborating testimony which would in all cases be found sufficient. It is sufficient here to say that it must be evidence which does not emanate from the mouth of the seduced female, that it must not rest wholly upon her credibility, but must be such evidence as adds to, strengthens, confirms and corroborates her. * *"

In the instant case the testimony of the prosecutrix covered all of the essential elements of the offense, and was sufficient to sustain the conviction, if it were supported "by other evidence," which did not "emanate from" her "mouth," that did not rest wholly upon "her credibility," and of which it could be fairly said that it "adds to, strengthens, confirms and corroborates her."

Now, while we wish to say, as is said in the opinion just referred to, that it is not "the purpose of this opinion to undertake to indicate the precise amount of corroborating testimony which would in all cases be found sufficient" to sustain a conviction of the offense we are considering, we have, however, reached the following conclusions:

To sustain such a conviction it is well settled that the corroborating evidence need not be direct but may be circumstantial, or partly direct and partly circumstantial evidence. Touching the promise of marriage, it is also well settled that the supporting evidence need be such only as the character of that matter admits of being furnished. As said in the case of *Lasiter* v. *State,* 77 Ark. 468, 94 S.

W. 59: "The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence, the supporting evidence possible in most cases is the subsequent admission or declaration of the party making it; or the circumstances which usually accompany the existence of an engagement of marriage * *." The corroborating evidence need not be sufficient to convict independent of the testimony of the prosecutrix; but it is sufficient if it supplies such facts or circumstances as tend to support such testimony upon the essential elements of the offense. *Creighton* v. *State* (Tex. Cr. App.), 61 S. W. 492. "And when there is other evidence fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated." *Idem.* But—

We think (to go no further in our holding) that certainly the corroborating evidence must be held to be insufficient to support a conviction wherever such evidence is as consistent with the conclusion that there was no promise of marriage as with the conclusion that there was such a promise. As is said in the case of *Ferguson* v. *State*, 7 Miss. 805, 15 South 66, 42 Am. St. Rep. 501, a conviction cannot be sustained where "there is no other evidence or circumstances, except that emanating from her" (the prosecutrix) "that is not as consistent with the conclusion that she submitted to the embraces of the defendant voluntarily and without seductive * * promises on the part of the defendant, as that she surrendered her chastity because of any promise."

Applying the test furnished by what is said in the next preceding paragraph, we are of opinion that the corroborating evidence in the instant case was insufficient to sustain the conviction. That evidence consisted solely of testimony concerning visits of the accused to the home of the prosecutrix prior to and after the alleged offense, and his enter-

tainment there and as to the accused being with the prose-
cutrix occasionally in the parlor, in the front yard (in
summer), and at other times (also in summer) on the front
porch, his seeing her often on the street after nightfall and
going home with her, and his taking her to moving-picture
shows twice, with the further proof that the visits of the
accused to the prosecutrix at her home were *oftener* than
those of other suitors. The testimony for the Common-
wealth discloses, however, that the attentions of the accused
to the prosecutrix did not deter or lessen the visits of others;
that other young men continued their visits to her as such
at her home, took her buggy-riding and went with her on
the streets, from the streets to her home, etc., etc.; both
before and after the time of the alleged offense of the ac-
cused, just as they had done prior to the commencement
of the attentions of the accused, and there is no intima-
tion that any of them ever suspected that there was any
engagement of marriage between the accused and the prose-
cutrix. The testimony for the Commonwealth is that dur-
ing the time of his alleged attentions to the prosecutrix
the accused never wrote the prosecutrix a note, or sent her
a flower, or made her a present, or accompanied her to a
picnic, or to an entertainment (and the occurrence of many
picnics and entertainments at which the prosecutrix was
present are mentioned in the evidence), or to church, of
which the prosecutrix is shown by the evidence to have
been a regular attendant, or took her buggy-riding, or ap-
peared with her in public at all, except that he took her to
moving-picture shows twice, as aforesaid, at night, and
walked with her home (his visits being generally in the
night-time), although other young men took the prosecu-
trix driving, on afternoons as well as at night, frequently.
Nor did the accused otherwise give any public manifesta-
tion of devotion, either according to the testimony for the

Commonwealth, or as otherwise shown in evidence. No witness, other than the prosecutrix, was put on the stand to prove that an engagement was even suspected by the family, or any one else, or that he was regarded or treated by the family, or by the prosecutrix herself, differently from several other visitors of the prosecutrix who were paying her attention at the same time. In short, we have searched the whole record in vain for any evidence, other than that emanating from the mouth of the prosecutrix, which is not as consistent with the conclusion that there was no promise of marriage as with the conclusion that there was such a promise. We are, therefore, forced to the conclusion that there is no evidence in this case to support the testimony of the prosecutrix in her claim that there was a promise of marriage.

The learned Attorney-General, in the brief on behalf of the Commonwealth, cites and relies upon the *Mills Case, supra,* 93 Va. 815, 22 S. E. 863; *Lasater* v. *State,* 77 Ark. 468, 94 S. W. 59; *Cooper* v. *State,* 81 Ark., 30, 109 S. W. 1023; *Tedford* v. *United States,* 7 Ind. 254, 104 S. W. 608; *Creighton* v. *State* (Tex. Cr. App.), 61 S. W. 492; *Wright* v. *State,* 31 Tex. Cr. R. 354, 20 S. W. 756, 37 Am. St. Rep. 822; *State* v. *Waterman,* 75 Kan. 253, 88 Pac. 1074; and *Bailey* v. *State,* 36 Tex. Cr. App. 540, 38 S. W. 185, to support the position that the corroborating evidence in the instant case was sufficient to sustain the verdict on the question of the existence of a promise of marriage.

The report of the *Mills Case,* 93 Va. 815, 22 S. E. 863, does not give the corroborating evidence, but an examination of the record thereof discloses that the verdict of conviction and judgment of the trial court thereon were set aside on the ground that the corroborating evidence was insufficient to support the conviction; and in that case, the defect in such evidence was that it was equally consistent

with the non-existence as it was with the existence of the alleged promise of marriage; and the case was reversed for failure of the trial judge to set aside the verdict of the jury.

In *Lasater* v. *State,* 77 Ark. 468., 94 S. W. 59, in addition to the visits of the accused to the prosecutrix, the corroborating evidence showed jealousy on the part of the accused of a single visit of a showman, and there was evidence of several letters of the accused, in one of which he addressed the prosecutrix as, "My Dear Future Wife."

In *Cooper* v. *State,* 86 Ark. 30, 109 S. W. 1023, the report of the case does not show what the corroborating evidence was.

In *Tedford* v. *United States,* 7 Ind. J. 254, 104 S. W. 608, the same is true. And, on the point that the existence of corroborating evidence is a question for the jury (to which that case is especially cited), it holds merely that where there are facts and circumstances in evidence, independent of the testimony of the prosecutrix, tending to support such testimony, it is for the jury to say whether such facts and circumstances corroborate the story of the prosecutrix.

In *Creighton* v. *State* (Tex. Cr. App.), 61 S. W. 492, in addition to the evidence that the accused had been for some months the suitor of the prosecutrix, the corroborating evidence was to the effect that on one occasion the prosecutrix had remarked to her mother, in the presence of the accused, that they were going to marry, to which the accused acquiesced; and accused stated on another occasion to a third person that he intended to debauch the prosecutrix if he had to make her believe that he would marry her.

In *Wright* v. *State,* 31 Tex. Cr. R. 354, 20 S. W. 756, 27 Am. St. Rep. 822, the opinion of the court has the following to say of the corroborating evidence: "The accused," says the opinion, "was so persistent in his attentions that all other gentlemen were compelled to cease attentions. His letters

breathe undying affection and strong jealousy, and speak of their marriage in the future as a certainty."

In *State* v. *Waterman,* 75 Kan. 253, 88 Pac. 1074, in addition to the fact that the accused and the prosecutrix "kept company" for some time before the alleged offense, and that he frequently took her to church and entertainments— he accompanied her somewhere every week and often twice a week, and he was her acknowledged suitor—the girl's mother testified that after his arrest, "she heard a conversation between them in which the defendant said to the prosecuting witness that she could never prove a promise of marriage and asked whether any one had driven up behind them and heard them talking marriage."

In *Bailey* v. *State,* 36 Tex. Cr. R. 540, 38 S. W. 185, the corroborating evidence was that the accused stated to the mother of the prosecutrix that he and the daughter were to be married, and he asked the mother's consent, which was given.

From the foregoing it is apparent that the cases cited for the Comonwealth do not sustain the conviction in the instant case.

We are, therefore, constrained to the opinion that there was error in the judgment complained of, and it and the verdict of the jury must be set aside and a new trial granted, to be had, if the Commonwealth is so advised, not in conflict with the views expressed in this opinion.

*Reversed.*