PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JAIME PUJALS, Defendant and Appellant.

No. 2309. Argued January 21, 1925.—Decided June 24, 1925.

SEDUCTION—EVIDENCE—CORROBORATION—INSTRUCTIONS TO JURY.—The fact that in a prosecution for seduction the trial court did not instruct the jury that corroboration of the testimony of the complaining witness was necessary is not reversible error, particularly where there was no specific request for such instruction.

First District Court of San Juan, Charles E. Foote, J. Judgment of conviction of seduction. *Affirmed.*

*Román Díaz Collazo* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Jaime Pujals was convicted of having seduced Providencia Rodríguez under a promise of marriage. On appeal there is no assignment of errors, and the appellant in his brief does not maintain that there was not sufficient evidence to convict. On the contrary, the prosecutrix gave testimony tending to show the seduction under promise of marriage and she was corroborated on every essential point. The appellant insists that the case should be reversed because the court failed to instruct the jury that it was necessary to corroborate the testimony of the prosecutrix, corroboration being necessary by virtue of section 250 of the Code of Criminal Procedure as amended. The appellant relies on the case of *People* v. *Molina,* 28 P.R.R. 157. *People* v. *Molina,* properly understood, does not sustain the contention of appellant. Before considering that case we shall briefly review the jurisprudence with regard to instructions in cases similar to the present, beginning with *Caminetti* v. *United States,* 242 U. S. 470, 495.

That was not a case of seduction or the like, but it was concerned with the testimony of accomplices, an analogous situation. The ground of error was that the trial court did not instruct that the testimony of accomplices was to be received with caution and believed only when corroborated by other testimony. Said the court:

"We agree with the Circuit Court of Appeals that the requests in the form made should not have been given. In *Holmgren* v. *United States*, 217 U. S. 509, this court refused to reverse a judgment for failure to give an instruction of this general character, while saying that it was the better practice for courts to caution juries against too much reliance upon the testimony of accomplices and to require corroborating testimony before giving credence to such evidence. While this is so, there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them. 1 Bishop's Criminal Procedure, 2nd ed., sec. 1081, and cases cited in the note."

*Rachmil* v. *United States*, 288 F. 782, also cited the *Caminetti* and *Holmgren Cases*. The court said that while it is usual and the part of good practice to caution a jury to weigh carefully the testimony of an accomplice, failure to do so was not reversible error. Particularly was this true where there was no specific request to instruct the jury as to such testimony, or where there was a failure otherwise to call the court's attention to this principle.

Wigmore on Evidence, sec. 2061 *et seq.*, shows that at common law the testimony of the prosecutrix or injured person in the trial of offences against the chastity of women was alone sufficient evidence to support a conviction; nevertheless that in many jurisdictions a statute based plausibly on the laudable purpose of protecting against false accusations has introduced a rule requiring corroboration. This author is convinced that the statute is not on the whole beneficial, but he is of the opinion in any event that whether such corroborative evidence exists ought to be a question for the determination of the trial judge upon the

circumstances of each case and a few courts incline to such a doctrine. *Cunningham* v. *State,* 73. Ala. 51, 55; *Mill* v. *Com.,* 93 Va. 815, 22 S. E. 863.

*State* v. *Pearson,* 79 Pac. 986, coming from Washington, a state with penal statutes like California, also holds that while advisable to instruct as to the credit to be given accomplices, no such instruction was necessary and the failure to instruct was not ground of error. The rule of law generally was that a man might be convicted on the uncorroborated evidence of an accomplice, differently from a prosecutrix, although some courts hold corroboration necessary. From that case, however, it appears that juries are warned about accomplices because their testimony comes from a polluted source.

Of course, it immediately occurs to one's mind that a prosecutrix is presumably not of the same character as an accomplice. She has generally been guilty of no violation of law. She is entitled to the presumption in favor of any other witness except so far as corroboration is specifically required by our statute.

In *People* v. *Molina, supra,* the court instructed the jury as follows:

"Gentlemen of' the Jury: This is a case where no evidence has been introduced by the defense and it is your duty to consider the evidence for the prosecution and decide whether or not it is sufficient to convince you of the guilt of the defendant beyond a reasonable doubt.

"The testimony of one witness who is worthy of entire belief is sufficient proof of any act except perjury or treason. In this case the testimony of a single witness as to any material fact is sufficient proof of such fact if that witness deserves entire credit; that is, if you believe that his statements are true, and provided that his testimony is corroborated by other proof."

It is very evident, then, that when corroboration is required to tell the jury that the evidence of a single witness is sufficient is unmistakably error, even though the court

was not consistent and finally used words tending in the opposite direction. The instruction in any event was misleading inasmuch as by section 250 only the prosecutrix needs corroboration. At the end of the opinion we said: "But we are constrained to agree with the *fiscal* that the failure to give a more specific instruction as to the necessity for corroboration of the testimony given by the alleged victim is too serious a matter to be overlooked."

Long ago in the case of *Cohens* v. *Virginia*, 6 Wh. 264, Mr. Chief Justice Marshall said that a dictum in a case ought not to control judgment in a subsequent suit. What we were essentially holding in the *Molina Case* was that the instructions were erroneous.

The trial judge had twice stated to the jury in substance and in the face of the express provisions of section 250 of the Code of Criminal Procedure that the uncorroborated testimony of the prosecutrix, if believed, was enough to warrant a verdict of guilty. An insignificant and self-contradictory proviso tacked on at the end of the second of these statements was not calculated to arrest the attention of the jury nor adequate to eradicate the false impression already made. In those circumstances we held, and do not hesitate to reaffirm, that "the failure to give a more specific instruction" was "too serious a matter to be overlooked."

We did not say, nor from the language used if construed in the light of its context can any legitimate inference be drawn to the effect that a mere failure to charge upon the necessity of corroboration is reversible error in all cases and regardless of the circumstances involved.

In various of the cases we have cited the judgment was partially sustained because of failure to ask for specific instructions in the trial court. In *People* v. *Lebrón*, 23 P. R.R. 611, after citing section 1 of the Act of May 30, 1904, we showed that thereunder the court had voluntarily re-

versed some cases where the fundamental rights of defendants had been disregarded, citing cases, but that generally in the absence of exceptions we had refused to reverse unless prejudice was clearly shown, citing other cases. *People* v. *Trujillo,* 24 P.R.R. 120.

In the *Molina Case* we exercised that faculty, but we see no reason for doing so here. No special instructions were requested. The instructions given do not contain any erroneous statement and no exception was taken.

The judgment should be affirmed.