# Staunton

## MONT HILLMAN v. THE COMMONWEALTH.

September 12, 1930.

Absent, Holt and Epes, JJ.

*Will H. Nickels* and *S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

The accused has been convicted and sentenced to three years in the penitentiary upon an indictment charging him with seducing, under a promise of marriage, an unmarried female, of previous chaste character. There are four assignments of error. In our view of the case, it is only necessary to consider the fourth, and last, assignment, namely, the action of the trial court in refusing to set aside the verdict because the evidence did not support the charge.

The prosecutrix testified that she was seduced on the first day of February, 1928, at which time she was not quite twenty-one years of age; that on October 23, following, she gave birth to a child; that Mont Hillman was its father, and she yielded to him because he promised to marry her. Other witnesses testified that they heard Mont Hillman say that he was the father of the child and he wanted to marry the prosecutrix, but his father would not permit him; that he continued to visit the prosecutrix after the child was born.

The evidence of the accused discloses that at the time of the alleged seduction he was sixteen years of age; he admits that he promised to marry the prosecutrix after she became pregnant, and he intended to do so, but was later informed that she had had intercourse with other men, and because of this information he refused to marry her.

If this were all of the testimony this court would have no difficulty in upholding the verdict, but the prosecutrix, herself, testified that she had been "courting Mont Hillman three or four years before" the intercourse, which indicates that a girl seventeen or eighteen years of age, if not soliciting, was certainly receiving the attention of a boy twelve or thirteen years old. In addition, when asked on cross-examination to give the details of the seduction, the prosecutrix testified that the place * * * "was at my father's home in the daytime. I did not consent or agree to the intercourse at all. He forced me. It was against my will and I did not consent to it. At the time he first had intercourse with me the family was in the same house but in a different room. After the intercourse he kept promising to marry me, but would put it off."

This testimony strains one's credulity. Is it believable that in open daylight, with the family in an adjoining room, a boy sixteen years old had intercourse with a woman twenty-one years of age by force and against her will? Her account of the act of intercourse is in direct conflict with her statements on direct examination; which of the two accounts is correct? The Attorney-General, for the Commonwealth, tries to explain the conflicting statements by saying that the prosecutrix did not mean that the accused used "real, violent, brute force," but "was the usual attitude and conduct of a man soliciting intercourse with a woman." The language she uses is simple, clear and unambiguous. In one account she says: "He promised me, that if I would give way to him he would marry me. * * * I gave way to him under promise that he would marry me." In another account she says: "I did not consent or agree to the intercourse at all. He forced me. It was against my will and I did not consent to it."

█ To constitute the crime of which the accused has been found guilty, it is necessary to show (1) the seduction;

(2) the promise of marriage; (3) the previous chaste character of the female seduced. *Mills* v. *Commonwealth*, 93 Va. 815, 818, 22 S. E. 863. An essential element of seduction is the consent of the female to the act of intercourse, and she must have consented, or yielded, by reason of the promise. *Flick* v. *Commonwealth*, 97 Va. 766, 770, 34 S. E. 39. In one breath the prosecutrix says she "gave way" because of this "promise;" in the next breath she says she never consented to the intercourse. Her last statements, if they do not eliminate, certainly raise serious doubt as to the existence of an essential element in the crime alleged. There is nothing in the evidence which would indicate that the prosecutrix was weak mentally; on the contrary, there is evidence tending to show that she had a strong mind. It is not impossible, but it is rather improbable, that in a matter of this kind a strong-minded woman twenty-one years of age would take seriously the promise of marriage of a mere youth of sixteen, even if it were clearly proven that the promise of marriage was made before intercourse.

In 24 R. C. L., page 769, it is said: "Where, however, the alleged seducer is a mere boy, several years the junior of the prosecutrix, who is a woman of mature years qualified to give him good advice against wrongdoing, well able in her maturity to resist vicious importunities and considerably experienced with men of her own age, the infant defendant should not be convicted unless a case is made out against him on every material point beyond a reasonable doubt."

The fact of intercourse is admitted, but there are three different reasons, or excuses, given therefor: (1) The accused stated that it was by the mutual consent of the parties with no promise of marriage. (2) The account given by the prosecutrix on her direct examination, which supports the charge of seduction under promise of marriage. (3) The account of the prosecutrix on cross-examination,

which tends to show rape, but contains no element of seduction. The seduction of a virtuous woman is not a matter of such slight importance to her that she is likely to forget the circumstances and while on the stand give two opposite accounts of the same.

In view of the youth of the accused, the maturity of the prosecutrix, and her conflicting statements, we are of the opinion that the evidence does not prove the charge beyond a reasonable doubt.

The judgment will be reversed and the case remanded to the trial court, with directions to discharge the accused from further prosecution under this indictment.

*Reversed.*