# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## SAM BOTTOMS v. COMMONWEALTH OF VIRGINIA.

June 10, 1937.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*L. J. Hammack,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Ralph H. Ferrell, Jr., Special Assistant,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

Sam Bottoms was indicted in the county of Brunswick for seducing and having illicit connection with Sophie Lee Jones, an unmarried female of previous chaste character. The case was tried by the judge of the court (the accused having waived the right to a trial by jury), who heard the evidence, found him guilty of the offense and fixed his punishment at five years in the penitentiary. The case is before this court on a writ of error.

The single question for our determination is whether there is sufficient evidence to support or corroborate the testimony of the prosecutrix that she was seduced by the accused.

At the time of the trial the prosecutrix was seventeen years of age. The accused was twenty-two years old. They were near neighbors. The accused was rather a frequent visitor at her home. The family of each of them was of the humbler and simpler walk of life. Other young men went to the home of the prosecutrix as her visitors.

On May 7, 1936, the prosecutrix gave birth to a child. She testified that it was begotten on August 4, 1935, in her father's home, by the accused; that he had intercourse with her on two or three occasions and that upon each occasion he promised to "have witness", (meaning to marry her). For that reason, and because she loved him, she submitted to him. There were no other such acts until December, 1935, when it again occurred; that these acts were committed in the parlor of her father's house, when both of the parents were sitting on the porch and the window of the parlor was open; that at the time the brothers and sisters of the prosecutrix had access to the parlor, in and out, from time to time. She further testified that the accused had never been to church with her or to a moving picture show; that he had never given her a present or written her a letter. She said that, though realizing she was in a delicate condition, she did not mention it to the accused,

until after the birth of the child; that she did not disclose her condition to her father but acquainted her mother with it.

There were seven other witnesses for the prosecution but none of them corroborated the prosecutrix either as to the charge of illicit intercourse or that of the promise to marry, unless corroboration could be inferred from the testimony of Leonard Jones, the father of the girl, and that of Russell Kidd, a mutual friend.

Jones testified that the prosecutrix told him that the accused was the father of the child and that when he went to see him and confronted him with the matter, he made no "positive denial" of the child's reputed paternity and said that the accused told him he would not blame him for anything he did. This witness also said that Russell Kidd and the accused's father came to see the prosecutrix and himself with the purpose of effecting a marriage between the parties, but nothing came of the effort.

Russell Kidd testified that after birth of the child he went to the home of the prosecutrix to suggest an adjustment by the marriage of the parties and that he did so at the instance of the accused and his mother and father.

Giving to this testimony all of the credence and value to which it is entitled, it could not be said to corroborate the prosecutrix as to the charge of the promise to marry. It might support, in some sort, the charge of illicit intercourse. Both elements of the offense must be proven and the requirements of the statute satisfied or the crime has not been established.

The applicable statutes upon which the indictment is based are sections 4410 and 4413 of the Code of Virginia. Section 4410 is the general statute on seduction, which is qualified by section 4413, which provides that "no conviction * * * shall be had on the testimony of the female seduced, * * * unsupported by other evidence, * * *."

The accused denied that he had had any part in the affair at all. He admitted that he visited the prosecutrix in her home quite frequently and said that he stopped after he began to go with another girl. He said that he never had a date with the prosecutrix; that he had never been with her

alone; that he had never stayed at her home later than nine p. m.; that some of the family were always present when he was there. He said that after the warrant had been issued against him he expressed a willingness to marry her and when asked why he did this, if he were not the father of the child, he said that he had never been in any trouble of any nature and that he was willing to do anything to avoid or get out of trouble.

We think that this admission would have no more effect in the matter of corroboration of the prosecutrix as to the promise to marry, than the testimony of Jones and Kidd to which we have just referred.

The evidence presents to us an almost unbelievable situation as affording a reasonable basis for the charge of seduction. The statement of the prosecutrix is absolutely shorn of any of the natural and usual preliminaries to the end sought. It is a bare, cold, unromantic admission of her own guilt with no pretense of justification except that he would "have her" and that she loved him.

We are well aware of the distinction between the crime and the methods by which it may be accomplished. This court has said that the crime may be complete, "although in a particular case 'flattery, false promises, artifice, urgent importunity based upon professions of attachment, and the like, for the woman' did not conspire to cause the surrender of her person and chastity to her alleged seducer." *Flick's Case (Flick* v. *Commonwealth)*, 97 Va. 766, 767, 771, 34 S. E. 39, 41.

In the *Flick Case*, from which the above quotation was taken, the accused was a married man.

In the case of *Limbaugh* v. *Commonwealth*, 149 Va. 383, 393, 140 S. E. 133, 135, the following was said: "Counsel for the accused express the opinion 'that the crime of seduction cannot be committed by a married man without an appeal, in some way, to the affections of the woman seduced,' and in support of that opinion made the following quotation from an able and thoughtful article of Mr. Charles Curry, of the Staunton, Virginia, bar, citing many cases, and reported in

5 Va. Law Reg. 208: 'The consideration which draws the female aside from the path of virtue must, in some way or other, be an appeal to her affections, and the artifice and wiles must be used to gain her confidence and win her heart. Without this, it is believed there can be no seduction under this statute. Not only is this true, but the illicit connection essential to complete and perfect the crime must have resulted from and have been the actual consequence of the artifices based upon the pretentions of affection, and not the result and consequences of some other cause.'

"Such, as a general rule, is undoubtedly the fact in the case of seduction by unmarried men, but the statute also recognizes the fact that there may be seduction by a married man, and provides the punishment therefor."

It was further said in the *Limbaugh Case, supra,* quoting from the *Flick Case, supra:* "There must be something more than sexual intercourse proved. A female of previous chaste character must have been led astray from the paths of virtue. This is the offense."

In Abbot's Law Dictionary, seduction is defined as "the wrong of inducing a female by enticements and persuasions overcoming her reluctance and scruples." This quotation is taken from the *Limbaugh Case, supra.*

The case of the Commonwealth here is built on the assumption that the prosecutrix' testimony that the accused said at the time of the acts of intercourse that he would "have" her is corroborated by evidence *aliunde,* or evidence that emanates from some other source.

If this testimony is to be believed then there was an engagement of marriage between the parties. But the record is devoid of anything that would tend to import such an engagement. No member of the family of the prosecutrix testified that an engagement was even suspected by them. There is not a particle of evidence that the parties were regarded by the families of either one, or by anybody else, as an engaged couple. There is no evidence that the accused was received or treated differently from other young men who visited the prosecutrix and who were paying her attention.

See the case of *Riddleberger* v. *Commonwealth*, 124 Va. 783, 787, 788, 97 S. E. 310.

We are of the opinion that the testimony of the prosecutrix, certainly as to the promise of marriage, is unsupported by evidence within the contemplation of the statutory requirement.

We, therefore, reverse the judgment of the trial court, and remand the case, with directions to dismiss the indictment unless the Commonwealth can produce other and stronger evidence.

*Reversed and remanded.*