[Crim. No. 354.   Department One.—April 8, 1898.]

THE PEOPLE, Respondent, v. SELLY HOUGH, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—WILLINGNESS TO MARRY—INSTRUCTION.—The crime of seduction of an unmarried female of previous chaste character under promise of marriage, though barred by the marriage of the parties prior to the filing of the information or the finding of an indictment for the offense, is not barred by the mere willingness of the defendant to marry, nor is the woman compelled to condone the offense by marrying the defendant; and a requested instruction upon a trial for such an offense that the verdict should be not guilty, if the defendant at all times prior to the filing of the information was ready and willing to marry the prosecuting witness, and that his failure so to marry was by reason of her refusal, was properly refused.

ID.—PROMISE OF MARRIAGE—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.—Where the intercourse with the prosecuting witness was proved and conceded, but the previous promise of marriage was denied, and the evidence established her previous chaste character, although the seduction under promise of marriage rested solely upon the testimony of the prosecuting witness considered in connection with the established

facts of intercourse and previous chaste character, the evidence was sufficient to justify the submission of the case to the jury, and it was for the jury alone to weigh it and declare the result.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

William H. Webb, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Appellant has been convicted of a felony, charged by the information to have consisted in the seduction of an unmarried female of previous chaste character, under promise of marriage.

Section 268 of the Penal Code provides: "Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable," etc. Section 269 declares that a marriage of the parties prior to the filing of an information or the finding of an indictment for such offense is a bar to the prosecution thereof. The defendant asked the court to instruct the jury that the verdict should be "not guilty," if defendant at all times prior to the filing of the information was ready and willing to marry the prosecuting witness, and that his failure to so marry was by reason of her refusal. This instruction was properly refused. When a man induces an unmarried female of previous chaste character to submit her person to him by reason of a promise of marriage upon his part, the seduction has taken place—the crime has been committed. The succeeding section, which provides that the marriage is a bar to a prosecution, clearly recognizes that the crime has been committed when the promise has been made and the intercourse thereunder has taken place. There may be incidental references in some cases indicating that a refusal upon the part of the man to carry out the promise is a necessary element of the offense. (*People v. Samonset,* 97 Cal. 448; *State v. Adams,* 25 Or. 172; 42 Am. St. Rep. 790.) But such is not the fact. The

statute which provides that marriage of the parties shall be a bar to a prosecution is a most wise and just provision. Yet the woman is not compelled to condone the offense by marrying the man, and thus freeing him from the penalties of the law. Upon the seduction her affection for him may change to hatred; or thereafter her belief as to his good character may be displaced by knowledge that he is a felon. Indeed, whether or not the reasons which actuate her in refusing to marry him are good or bad is of no moment. She is the sole arbiter upon that question, and the man takes those chances when he obtains his pleasures under the circumstances here presented. It does not lie in his power to escape the penalties of the law by reason of his willingness to carry out his marriage promise. The woman has the power and the right to decline the marriage, and, when she has so declined, the road to his successful prosecution is free and unobstructed. In declaring the evidence necessary to justify a conviction in a case similar to the one at bar, it was said in *People v. Krusick*, 93 Cal. 77: "In order to convict the defendant of the crime defined in this section, it is necessary for the state to prove that the person seduced was an unmarried female of previous chaste character, and that she consented to sexual intercourse with the defendant upon the sole consideration of his promise to marry her. Unless all of these elements are established by competent evidence, the crime is not proved."

The evidence in the present case tending to prove the offense rests solely upon the testimony of the prosecuting witness. The intercourse is a matter conceded, but the promise of marriage is denied. The evidence established the female to be of previous chaste character, and also the fact of intercourse. These things most probably had great weight with the jury in testing the probability of the truth of the respective statements made by the two parties upon the witness stand. Under any circumstances, the evidence was sufficient to justify the submission of the case to the jury, and it was for the jury alone to weigh it and declare the result. The appellate jurisdiction of this court in criminal cases rests in matters of law alone, and the sufficiency of this evidence presents a pure question of fact.

There are many exceptions taken to the various rulings of the court in the admission and rejection of evidence. We have examined them all, and find no substantial merit in them.

Upon the record presented there is no ground for a new trial. Judgment and order affirmed.

Van Fleet, J., and Harrison, J., concurred.