PEOPLE v. BRESSLER.

1. SEDUCTION—TIME OF OFFENSE—ELECTION.
When evidence has been introduced for the purpose of proving, and tending directly to prove, an act of seduction at the time alleged in the information, the prosecutor will be deemed to have elected that date, and the jury will not be allowed to convict on evidence of an offense committed on a prior date.

2. SAME—PRESUMPTION OF CHASTITY.
It will be presumed that the complaining witness in a prosecution for seduction was chaste at the time of the alleged offense, but this presumption may be overcome by showing previous acts of intercourse.

3. SAME—UNCHASTITY—REFORMATION.
Where the evidence showed repeated acts of intercourse up to August 1st, it will not be presumed that the woman had reformed by the 19th of the same month, the date of the alleged seduction.

Exceptions before judgment from Cass; Carr, J.   Submitted May 8, 1902.   (Docket No. 145.)   Decided September 17, 1902.

Hiram Bressler was convicted of seduction.   Reversed.

*Cassius M. Eby*, for appellant.

*Horace M. Oren*, Attorney General, and *Ulysses S. Eby*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent was convicted of the crime of seduction.   He has brought the case here on exceptions before sentence.  · The information charged that the offense was committed August 19, A. D. 1900.   The complaining witness testified to the commission of the offense upon that date.   After she had given this testimony, the following occurred:

" *Q.* Did he visit you recently after the 19th of August, at the time he was to your house on Sunday night?
" *A.* Well, I don't know.   I think he stopped maybe once a week as he went through town.
" *Prosecuting Attorney:* Will I be permitted—
" *The Court:* Now, you wish to show when the defendant stopped going to see the complainant?
" *Prosecuting Attorney:* Yes, your honor.
" *The Court:* And Mr. Eby objects to that.   I think that fact alone may be shown.
" *Mr. C. M. Eby:* They make the election of the 19th of August, 1900.
" *The Court:* Yes; they are bound by that.   But this is tending to corroborate, that is all; and I permit you to show just that fact."

On the cross-examination the witness testified to having had sexual intercourse with respondent the 1st of August, and upon several occasions prior thereto, she relying upon his promise to marry her.   After the testimony was all in on the part of the people, the respondent moved the court for his discharge, for the reason that the testimony of the complaining witness showed she was not a chaste woman on the 19th of August, when it was charged in the infor-

mation and proved on the direct examination the sexual intercourse occurred. Upon the argument of this motion the following occurred:

"*The Court:* Well, that is not alleged, you know. You select the 19th of August, and you are confined to that date, under the authorities. Now, if they had intercourse the day before, willingly, there is no seduction on the 19th. The element of seduction is an inducement to seduce, whereby a chaste woman is seduced,—has intercourse. Now, of course, if a young girl promised to be engaged to marry, and the man took advantage of the promise, and persuades her, and she consents, why that is seduction. But if that thing has been going on for some time before that, when did the seduction commence? It commenced at the first intercourse, if it was done by virtue of the promise.

"*Prosecuting Attorney:* Well, if I understand your honor, that is the evidence in the case. She testified—

"*The Court:* You are not allowed to use that evidence in the case. You are bound by the date you select, and you select the 19th of August. You are permitted to show familiarity prior to that as corroboration of her story, but you can't show a crime on any other day than the 19th. There are authorities when you elect a date you are bound by it, and that is the date alleged in your papers all the way through. I asked about it at the time, if you selected a date, and if the 19th was named in the complaint and information."

The judge held the motion until the following Monday, when he overruled it. At the same time, against the objection of respondent, he allowed the complaining witness to be recalled, and to testify to an act of seduction occurring June 24, 1900. No proof was offered on the part of the respondent.

The judge was requested to charge, among other things, as follows:

"If the jury find that the parties had sexual intercourse at any time prior to the time alleged, then the jury must find, beyond a reasonable doubt, that the girl had reformed, and was a virtuous woman, at the time of the so-called seduction. And the burden of proving such reformation

is on the prosecution. If the people haven't so proven to your satisfaction beyond a reasonable doubt, then your verdict must be, 'Not guilty.' "

"If the jury find the prosecutor elected the 19th of August, 1900, as the date of seduction, before any testimony was introduced, then they are bound by that date, and cannot select some other date upon which they can ask a conviction; and, if you find the prosecutrix was not virtuous on the 19th of August, 1900, you must acquit."

Which requests were refused, and the court charged the jury as follows:

"Seduction may be defined to be the act of persuading or inducing a woman of previous chaste character to depart from the path of virtue by the use of any species of arts, persuasion, or wiles which are calculated and do have that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused. If, in this case, you find that the girl Meta Blanche was before and on August 19, 1900, of chaste character and virtue, and if the respondent, by arts, persuasion, wiles, and promise of marriage, induced her to depart from the path of virtue and to submit to the sexual embraces at that time, this would constitute seduction.

"In order to constitute the offense and convict the defendant, you must be satisfied from the evidence, beyond a reasonable doubt, that on the 19th day of August, or about that time, this girl yielded her person and her virtue to defendant by reason of a promise to marry, made by respondent at the time, and without which she would not have yielded to his embraces.

"If the parties had intercourse for the first time on the 24th day of June, and you are satisfied, beyond a reasonable doubt, that at that date the girl was chaste and pure, and that she yielded her virtue to respondent at that time because of a promise to marry made by the defendant, then the defendant is guilty of seduction, and may be convicted in this case."

The question presented is whether, under an information charging the offense to have been committed August 19, 1900, and after testimony has been given for the purpose of proving the commission of an offense upon that date, testimony can be given tending to prove the commission of an

offense in June, and the jury be allowed to convict upon the latter testimony. It is claimed upon the part of the people that the prosecuting attorney made no election of the date upon which he would rely for conviction. A reference to the record will show that the attorneys and the court understood there was an election. Not only was the offense charged as having occurred August 19th, but, with the presumption of chastity which the law throws around every woman, when the direct examination of the complaining witness was ended, if the jury believed her statement, the offense charged in the information was fully proven as of August 19th. It was not until the complaining witness was cross-examined that it developed that the offense was not committed. It was not a question of mistake in the date. An act of sexual intercourse occurred August 19th, but the cross-examination developed that the parties had like intercourse, whenever opportunity offered, all through the summer, and so recently before August 19th that it could not be said the presumption was that the woman had reformed. After this had developed upon the trial, it was then sought to show acts in June, upon which a conviction was asked and permitted. We do not see how the case can be distinguished from the cases of *People* v. *Jenness*, 5 Mich. 305, and *People* v. *Clark*, 33 Mich. 112. In these cases the principles involved are so fully discussed that we do not deem it necessary to repeat the discussion.

The verdict is set aside, and a new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.