9271

### STATE v. WHITAKER.

#### (87 S. E. 1001.)

SEDUCTION. DEFENSES. UNACCEPTED OFFER OF MARRIAGE. CORROBORATIVE EVIDENCE. DECEPTION. TRIAL REMARKS. CHARGE.

1. SEDUCTION—DEFENSES—SUBSEQUENT OFFER OF MARRIAGE.—An unaccepted offer of marriage is no defense to a prosecution for seduction.

2. SEDUCTION—CORROBORATIVE EVIDENCE.—Where an unmarried woman, having a child, charged the defendant with having seduced her, the birth of the child, the defendant's admission that he was at all times willing to marry her, that after the alleged intercourse he left the neighborhood without informing her that he was going and for what time, although he states he was in love with her, and returned shortly before the child was born and again asked her to marry him; that she then consented, but afterwards, on learning of statements by him that he intended to marry, and then abandon or divorce her, refused to accept his offer of marriage, are circumstances corroborating her testimony that he seduced her under promise of marriage.

3. SEDUCTION—DECEPTION.—If a seducer makes a promise of marriage, by which he induces a woman to surrender her virtue, without intending to fulfil his promise, and thereby deceives her, his conduct is in violation of Crim. Code, sec. 389.

4. CHARGE ON FACTS—REMARKS DURING TRIAL.—A remark in reference to defendant's motion for direction of a verdict, that "there is some evidence as to every ingredient of the crime. I think the baby is some corroboration, but still there is other corroboration," is not objectionable as a charge upon the facts.

Before GARY, J. Lexington, June, 1915. Affirmed.

---

FOOTNOTE.—As to necessity in criminal prosecution for seduction that the woman be corroborated, and the elements to which corroboration must extend, see notes in 19 Am. & Eng. Ann. Cas. 869, and *State v. Turner*, 82 S. C. 278, 280, 17 Ann. Cas. 88, 64 S. E. 424.

Godfrey Whitaker, being convicted of seduction, appeals. The facts are stated in the opinion.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for appellant, cite: *Seduction:* 82 S. C. 278; 27 S. W. 815; 71 S. W. 908; 85 Ga. 383; 2 Paine's C. C. 162; 38 Cyc. 1106; 2 Corpus Juris. 1338; 3 Hill L. 96; 47 N. J. L. 175; 8 Vroom, N. J. 359; 80 Va. 18. *Charge:* 85 S. C. 64; 12 Cyc. 666; 90 S. C. 414. *On facts:* 87 S. C. 407; 81 S. C. 374; 83 S. C. 33; 80 S. C. 383; 73 S. C. 379; 87 S. C. 241, 407.

*Mr. Solicitor Timmerman,* for respondent.

February 26, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted of seduction under sec. 389 of the Criminal Code, which is as follows: "Any male person above the age of sixteen years, who shall by any means of deception and promise of marriage, seduce any unmarried woman in this State, shall, upon conviction, be deemed guilty of a misdemeanor, and shall be fined or imprisoned at the discretion of the Court; but no conviction shall be had under this section, on the uncorroborated testimony of the woman, upon whom the seduction is charged; and no conviction shall be had, if on the trial it is proved, that such woman was at the time of the alleged offense, lewd and unchaste: *Provided,* That if the defendant in any action brought hereunder, shall contract marriage with such woman, either before or after the conviction, further proceedings hereunder shall be stayed."

The first question that will be considered is, whether there was error on the part of his Honor, the presiding Judge, in ruling, that an unaccepted offer of marriage, either before or after conviction, does not have the effect of staying proceedings under the statute.

The statute provides, that if the defendant shall contract marriage, further proceedings thereunder shall be stayed. An offer to contract marriage, is an entirely different proposition, and does not come within the saving clause of the statute.

*Thorp* v. *State,* 59 Tex. Crim. Rep. 517, 1129 S. W. 607, 29 L. R. A. (N. S.) 421; *Williams* v. *State,* 92 Miss. 70, 45 So. 146, 15 A. &. E. Ann. Cases 1026; *McCullar* v. *State,* 36 Tex. Civ. App., 36 S. W. 585, 61 Am. St. Rep. 847; *People* v. *Hough,* 120 Cal. 538, 52 Pac. 846, 65 Am. St. Rep. 201.

The exceptions raising this question are overruled.

2   The next question to be determined is, whether there was any testimony corroborating the testimony of the prosecutrix.

Testimony was introduced to the effect, that the defendant had asked the prosecutrix to marry him; that the defendant had had sexual intercourse with her, and that she had consented because he had promised to marry her; that she thereafter became the mother of a child; that defendant went away for a few months and returned shortly before the child was born; that when he was absent, it was in the course of his business as a railway employee.

There was also testimony introduced in behalf of the State, as to certain statements made by the defendant, that he would marry the prosecutrix and then abandon or divorce her, and this was the reason assigned by her, for refusal to marry him on his return.

There was testimony introduced on behalf of the defendant, that he had never had sexual intercourse with the prosecutrix, and that he was at all times willing to marry her.

There was no testimony other than that of the prosecutrix, as to the intercourse between her and the defendant; nor any admission by the defendant, that he had intercourse

with her. There was circumstantial evidence, however, tending to prove such fact.

The birth of the child shows, that some one had intercourse with the prosecutrix. There was no testimony or circumstances tending to show, that any one but the defendant had connection with her. This was corroborative of her testimony, that the defendant had intercourse with her.

The fact that the defendant went away for a few months, and did not return until a short time before the child was born, tended to show that he was fleeing from the neighborhood, in order to escape punishment for seducing the prosecutrix, especially as the record fails to show, that he explained to her, that he was going away and for what length of time, although he testified he was in love with her, and, after his return, again asked her to marry him, and that she then consented, but afterwards refused. From these facts and the testimony of the prosecutrix, the jury might reasonably have drawn the inference, that he did not intend to marry her when he went away, also the further inference, that he did not intend to fulfill his promise to marry her, when he induced her by such promise, to consent to allow him to have intercourse with her.

The exceptions raising this question are overruled.

The next question that will be considered is, whether there was error on the part of his Honor, the presiding Judge, in refusing to charge the following request: "That in order to convict the defendant, you must believe beyond a reasonable doubt from the evidence, that the defendant seduced the prosecutrix; that he accomplished this seduction first by a promise to marry; and second, by means of a deception other than the promise to marry; and if the evidence fails to show any means of deception other than the promise to marry, then the prosecution fails, and you must find the defendant not guilty."

His Honor, the presiding Judge, charged the jury, that there must be not only a promise of marriage, but also deception.

The appellant's attorneys seem to be under the impression, that the means of deception should be other than the mental attitude of the seducer when he makes the promise of marriage. If he makes a promise of marriage, by which he induces the woman to surrender her virtue, without intending to fulfill his promise, and thereby deceives her, then his conduct is in violation of the provisions of the statute, and he is punishable thereunder.

The exceptions raising this question are overruled.

The last question presented by the exceptions, is, whether his Honor, the presiding Judge, charged upon the facts, in making the following statement, in the presence of the jury: "Without discussing the evidence, I simply say, I think there is some evidence, as to every ingredient of the crime. I think the baby is some corroboration, but still, there is other corroboration."

This language was used by the presiding Judge, in refusing the defendant's motion for the direction of a verdict in his favor.

It cannot, therefore, be successfully contended, that it was a charge on the facts.

Appeal dismissed.