## 9581

### STATE v. GRIFFIN.

#### (91 S. E. 318.)

1. SEDUCTION—CORROBORATION OF FEMALE—"CORROBORATE."—In a prosecution for seduction under promise to marry, testimony of mother, in regard to statements by defendant before and after event to the effect, that he would marry girl, *held* sufficient to corroborate testimony of girl under statute; "to corroborate" meaning to strengthen or add weight or credibility to a thing.

2. SEDUCTION—EVIDENCE—DECLARATION AFTER OFFENSE—ADMISSIBILITY. —In a prosecution for seduction under promise to marry, statements of promise made by defendant to mother before event *held* correlated with statements made after event, and therefore competent to corroborate testimony of girl.

Before SMITH, J., Columbia, June, 1916. Affirmed.

Walter Griffin was convicted of seducing a girl of sixteen years, by means of deception and promise of marriage, and he appeals.

The statute upon which this action is based is as follows:

"Any male person above the age of sixteen years who shall, by means of deception and promise of marriage, seduce any unmarried woman in this State, shall, upon con-

---

FOOTNOTE.—As to necessity in criminal prosecution for seduction that the girl should be corroborated, and elements as to which corroboration should extend, see note in 19 A. & E. Ann. Cas. 869, 26 L. R. A. (N. S.) 625. Preparations for marriage as corroborative evidence of promise to marry, see notes in Ann. Cas. 1915c, 138.

viction, be deemed guilty of a misdemeanor, and shall be fined or imprisoned, at the discretion of the Court; but no conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on the trial it is proved that such woman was at the time of the alleged offense, lewd and unchaste: *Provided,* That if the defendant in any action brought hereunder shall contract marriage with such woman, either before or after the conviction, further proceedings hereunder shall be stayed." Cr. Code 1912, sec. 389.

The exceptions were as follows:

(1) Because the Circuit Judge erred in refusing to direct a verdict of not guilty at the close of the testimony for the State and at the close of all testimony, when there was no testimony to corroborate the prosecutrix in her statement that this defendant had made her a promise of marriage in order to seduce her; the statute under which defendant was indicted expressly providing that no conviction shall be had upon the uncorroborated testimony of the woman upon whom the seduction is charged.

(2) Because the Circuit Judge allowed the witness, Lydia Johnson, mother of the prosecutrix, to testify that defendant told her that he was willing to marry her daughter; said statements being made by defendant after the alleged act of seduction, and therefore were incompetent and irrelevant.

*Mr. Paul Cooper,* for appellant, cites: 82 S. C. 278; 87 S. E. 1001.

*Mr. Solicitor Cobb,* for respondent.

February 8, 1917.

The opinion of the Court was delivered by Mr. Justice Gage.

The defendant, a young negro boy of 19 years, was convicted of seducing a negro girl of 16 years, by means of deception and promise of marriage.  Let the statute which creates the offense be reported.

There are two exceptions, to wit: (1) That there was no testimony to corroborate the girl's story, as the statute requires there should be; and (2) that the testimony of the girl's mother about the defendant's declaration to her was incompetent to prove corroboration, because the declaration was made after the alleged seduction.  The exceptions will be reported.

The statute has constituted the offense out of two concurring acts: (1) Seduction; and (2) deception by promise to marry.  It is not denied, but it was admitted by the defendant, that he seduced the girl.  The only issue is: Did he do so by the deception of a promise to marry her.  There is no dispute but that she so testified; the only dispute is that her testimony as to the promise is not corroborated by other testimony.  The statute, we think wisely, provides that the woman's testimony must not be uncorroborated.  That is to say, there must be testimony other than the woman's, of a person or of circumstances, to prove the deception by promise to marry.  The statute, wisely too, does not declare the character of the testimony, the amount of it, or the weight of it.

To "corroborate" is defined:

"To strengthen; to add weight or credulity to a thing by additional and confirming facts or evidence."  Black, p. 277.

Webster defines the word, "To make more certain."

The Circuit Court thought the testimony, other than that of the girl, made the proof of the offense more certain; and we concur in that opinion.

The girl was not lewd or unchaste. There was no habitual intercourse with her by the defendant. The boy paid court to the girl three or four months. He accompanied her to and from church. The boy suddenly left off his attentions. The mother upbraided the boy when she made the discovery. The boy said, "Give me time, I want to talk to the girl," and he did go and talk to her and returned to the mother and said, "Me and the girl made arrangement to marry," and, "Don't be uneasy, I am going to marry your daughter;" and, "I will come down there Tuesday. I am going to give you satisfaction. You must sympathize with me." This occurred after the event. And before the event the mother questioned the boy about his intentions in the court he paid the girl. She said, "I want to know, if you come here bearing me down, let's quit." And thereto he answered: "I guarantee if me and Lillie agree like doing now, Lillie will become a link in my own chain; if not, I will leave her like I found her." The mother testified "that is when he first started at my home."

The first exception is overruled.

The second exception is unsound. That which the boy said after the event is correlated with what he said before the event; the whole of it makes the history of the offense of seduction by promise to marry.

The judgment below is affirmed.