## 11011

### RUMLER v. GANTT

#### (113 S. E. 581)

1. Evidence—Exhibition of Child of Person Seduced Held Competent to Show Identity of Father.—In an action for seduction of plaintiff's daughter by defendant, exhibition of the daughter's child was competent to show its resemblance to the putative father, which was one of the facts in issue.

2. Appeal and·Error—Evidence That Warrant Had Been Sworn Out Against Defendant in Civil Action For Seduction Held Not Prejudicial.—In an action for seduction of plaintiff's daughter by defendant, evidence that a warrant had been sworn· out against defendant was not prejudicial.

3. Appeal and Error—Remarks of Court Held Not Prejudicial.— In an action for seduction of plaintiff's daughter by defendant, statement by the Judge about 20 minutes before the dinner recess, after only two witnesses for defendant had testified and after defendant's attorney had requested a recess in order to talk to some of his witnesses: "All right. I can't imagine that they will be very helpful, but I will give you until 3 o'clock, but I am not going to let you put in incompetent testimony"—was not prejudicial.

4. Trial—Instruction Held Properly Refused as Ignoring Evidence Rebutting Presumption of Fact Involved Therein.—In an action for seduction of plaintiff's daughter by defendant, an instruction that if the conduct which existed between plaintiff's daughter and defendant and allowed to exist by plaintiff was so gross as to warrant a presumption of assent, and would inevitably result in the seduction or intercourse, plaintiff is not entitled to recover any damages, was properly refused, as ignoring evidence rebutting the presumption of fact involved therein.

·5. Seduction—Instruction That if Plaintiff Knew of Condition of His Daughter and Did Nothing to Prevent it, That Should Mitigate Damages Held Not Erroneous.—In an action for seduction of plaintiff's daughter by defendant, an instruction that if plaintiff knew of the conduct of his daughter and defendant that was reasonably calculated to put a ·reasonably prudent man upon notice that seduction would probably result and did nothing to prevent it, these circumstances ought to mitigate damages, was not erroneous.

Note: Relative to exhibition of child for purpose of determining paternity in bastardy proceedings, see note in L. R. A., 1917B, 1148.

Before PRINCE, J., Pickens, February, 1921.    Affirmed.

Action by Henry F. Rumler against J. P. Gantt.    Judgment for plaintiff and defendant appeals.

*Messrs. Carey & Carey, Sam B. Craig* and *G. G. Christopher,* for appellant, cite: *Exhibition of child improper*: 30 Am. Rep., 387; 44 Am. Dec., 173; 108 S. C., 467. *Remarks relative to testimony were prejudicial*:  3 A. L. R., 1096; 100 S. E., 116; 98 S. E., 243; 50 S. E., 488; 93 S. E., 152; 94 S. E., 321; 81 S. C., 379.  *As to contributory negligence of parent*:  24 R. C. L., p. 749, Sec. 23; 44 Am. Dec., 172; 24 Barb., 614; 35 Cyc., 1306.

*Messrs. Martin & Blythe,* for respondent, cite: *Inspection of child to show resemblance of father was proper*:   54 Iowa, 104; 153 Mass., 378; 14 Allen (Mass.), 197; 38 N. H., 108; 46 Atl., 1083; 14 Atl., 600; 67 N. C., 89; 32 N. E., 750.  *Carelessness of parent*:   11 Enc. Evid., 684.

September 1, 1922.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. E. BABB.

The statement of facts in the record shows:   This action was brought for damages for loss of services of plaintiff's daughter and for shame, humiliation, and mental anguish caused by the defendant's seducing, debauching, and carnally knowing her.   The defense was a general denial that the daughter at the times mentioned in the complaint and prior thereto was of unchaste and disreputable character; that her unchastity was notoriously known in the community where she resided; that another than the defendant was the father of the child born unto her; and that plaintiff was grossly negligent and careless in allowing his daughter to take automobile rides with the defendant, both in the daytime and in the nighttime, knowing the defendant to be a married man, thereby contributing to his injury as the direct and proximate cause of same.   According to defend-

ant's testimony, the daughter, at the time of the admitted carnal knowledge, was not 16 years of age, while he was 35 years of age, having a wife and four children. The jury rendered a verdict for the plaintiff, on which judgment was entered. Thereupon defendant appealed.

The first exception alleges error in permitting the exhibition of the daughter's child to the jury, over the objection of the defendant, for the purpose of showing that the defendant was the father of the child. . It was competent to exhibit the child to the jury to show its resemblance to the putative father, which was one of the facts in issue. *State v. Whittaker,* 103 S. C., 212; 87 S. E., 1001; Ann. Cas., 1918E, 467; *State v. Teal,* 108 S. C., 455; 95 S. E., 69.

The second exception alleges error in the admission over defendant's objection, of testimony that a warrant had been sworn out against the defendant. It is not shown wherein this was prejudicial to the defendant, and we cannot say it was from the reading of the record. This exception is therefore overruled.

· The third exception is:

"Because his Honor erred in making the following statement in the presence of the jury shortly before the dinner recess, after only two witnesses for the defendant had been examined, namely: 'All right. I can't imagine that they will be very helpful, but I'll give you until 3 o'clock, but I'm not going to let you put in incompetent testimony'—the said statement having been made when the defendant's attorney requested about 20 minutes before the dinner recess that a recess be taken in order for him to talk with some of his witnesses so that the case could be expedited, and after said statement was made several witnesses were sworn by the defendant, said statement by the presiding Judge being greatly detrimental and prejudicial to the rights of the defendant and misleading to the jury."

After the defendant and one of his witnesses had testified the following colloquy occurred:

"Mr. Carey: We have some witnesses that I haven't had an opportunity to talk to, and if your Honor will allow the case to go over until 3 o'clock I believe we can make better time. I think they will be short, but I would like to see what they are to say before I put them up.

"The Court: All right. I can't imagine that they will be very helpful, but I will give you until 3 o'clock, but I am not going to let you put in incompetent testimony."

So far as the record discloses every witness thereafter offered by the defendant was sworn, and none of the testimony offered was objected to. No new testimony was thereafter offered except from one witness, who testified that the daughter shortly prior to the birth of her child told him that a person other than the defendant was its father. This issue was submitted to the jury. As to the burden of proof the Judge charged the jury correctly, fairly, and at length. Reviewing the whole case, and especially the charge so fairly submitting the issues to the jury, we fail to see wherein the defendant has been prejudiced, or the jury misled, as charged in this exception. It is therefore overruled.

The fourth execption is:

4, 5 "Because his Honor erred in not charging defendant's second request to charge, which is as follows: 'If you believe from the evidence that the course of conduct which existed between the daughter of plaintiff and the defendant, and allowed to exist by the plaintiff, was so gross as to warrant a presumption of assent, and would inevitably result in the seduction or intercourse, the said plaintiff would not be entitled to recover any damages in this action,— the presiding Judge modifying said request in the following words: 'I charge you that if plaintiff knew of the conduct of his daughter and the defendant that was reasonably cal-

culated to put a reasonably prudent man upon notice that his daughter would probably be seduced and did nothing to prevent it, then these circumstances ought to mitigate damages. In other words, if the plaintiff failed in his methods of dealing with his daughter and tended to her dishonor, then that would be a mitigation of damages, and ought to reduce the damages to the actual expense of the confinement and loss of services. I suppose that is what he is trying to say here. That is what I charge you the law is anyway, right or wrong.' It is respectfully submitted that said modification is erroneous and not the law."

The requested charge involved a statement as to a presumption of fact, and would take from the jury the consideration of testimony rebutting the presumption. The presiding Judge was correct in refusing to charge in the language requested. The modification of the request by the presiding Judge in charging that "if plaintiff knew of the conduct of his daughter and the defendant that was reasonably calculated to put a reasonably prudent man upon notice that seduction would probably result, and if he did nothing to prevent it, these circumstances ought to mitigate damages," embodies a correct statement of the rule as to measure of damages in cases such as this one. The rule is thus stated in 35 Cyc., 1314:

"Careless indifference on the part of the parent as to the daughter's chastity, affording facilities for criminal intercourse between her and the defendant, or the fact that the parent was indiscreet, or that there was connivance on his part in bringing about the intercourse, may be shown in mitigation of damages."

This exception is overruled.

The judgment is affirmed.

Mr. Chief Justice Gary and Mr. Justice Watts concur.

MR. JUSTICE FRASER (dissenting): The statement of facts in the record shows:

"This action was brought in the Court of Common Pleas for Pickens County in June, 1920, by Henry F. Rumler against J. P. Gantt. The action was for damages in the sum of $20,000.00 for the loss of services of plaintiff's daughter and causing the plaintiff shame, humiliation, and mental anguish by seducing, debauching, and carnally knowing Clara Rumler, the daughter of the plaintiff. The defendant answered the complaint, setting up a general denial and alleging that Clara Rumler, the daughter of plaintiff, was at the time mentioned in the complaint and prior thereto of unchaste and disreputable character, and that her unchastity was notoriously known in the community where she resided, and the defendant further alleged that Fred Williams was the father of said child given birth to by plaintiff's daughter, and the defendant further alleged that plaintiff was grossly negligent and careless in allowing his said daughter, Clara Rumler, to take automobile rides with the defendant, both in the day and nighttime, knowing at the time that the said defendant was a married man, and that by said acts the said plaintiff contributed to his own injury, and the said acts were directed and proximately the cause of said injury. The jury rendered a verdict for the plaintiff in the sum of $1,250.00 actual damages."

From the judgment entered on this verdict this appeal is taken. The first is:

1. "Because the presiding Judge erred, over the objection of the defendant's attorney, in allowing the exhibiting of the child of Clara Rumler, plaintiff's daughter, to the jury in order to show that the defendant was the father of said child." The exhibition of the child was approved in *State v. Whitaker,* 103 S. C., 212; 87 S. E., 1001; Ann. Cas. 1918E, 467, and the *State v. Teal,* 108 S. C., 455; 95 S. E., 69: If the child can be exhibited to prove the fact

of a seduction, the fact can only be inferred from the like-
ness of the child to its father.    The mere exhibition of a
child could not even tend to prove an offense or its author.
The likeness may tend to prove both.    This exception is
overruled.

2.    The second exception complains of error in allowing
in evidence a statement that a warrant had been issued for
the defendant.    This evidence was certainly not prejudi-
cial to the appellant, when it also appeared that the warrant
had been withdrawn.

3.    At the near approach of the recess hour the appel-
lant's attorney asked that the Court take its recess then, so
as to allow him time to converse with some witnesses, who
had just arrived, and with whom he had had no opportunity
to confer.    To that request the trial Judge said:

"All right.    I can't imagine that they will be very help-
ful, but I'll give you until 3 o'clock, but I'm not going to
let you put in incompetent testimony."

This was prejudicial error.    It is true it was not said in
the regular charge, nor in any logical response to the mo-
tion.    The jury might well have concluded that the de-
fendant's cause was irretrievably lost in the judgment of
the presiding Judge.    I think the remark was prejudicial
error, and the exception should be sustained.

4.    The last assignment of error is that his Honor re-
fused to charge:

"If you believe from the evidence that the course of con-
duct which existed between the daughter of plaintiff and the
defendant, and allowed to exist by the defendant, was so
gross as to warrant a presumption of assent."

His Honor charged it with the very proper addition,
"with the knowledge of the plaintiff."    There was no error
here.

I think the judgment appealed from should be reversed
and a new trial ordered, for the reasons above stated.

MR. JUSTICE COTHRAN (dissenting) : I think that the remark of the Circuit Judge was the involuntary expression of the impression which the testimony had made upon his mind, which, coming from one who naturally from his exalted station wielded great influence, was prejudicial to the right of the defendant to be tried by the law and the evidence alone.