Dooms *v.* State.

Opinion delivered April 21, 1924.

1. SEDUCTION—INDICTMENT.—An indictment charging defendant with "seduction, committed as follows: unlawfully and feloniously did have carnal knowledge of one W.", etc., sufficiently alleges that defendant did have carnal knowledge of the prosecutrix, within the requirement of Crawford & Moses' Dig., § 3013.

2. SEDUCTION—CORROBORATION OF PROSECUTRIX.—In order to convict one for seduction, it is necessary that the testimony of the prosecutrix be corroborated both as to the promise of marriage and the act of sexual intercourse, but only such corroboration is required as, in the nature of the case, is obtainable, and, when produced, though circumstantial and slight in character, the case is for the jury.

3. SEDUCTION—CORROBORATION OF PROSECUTRIX.—In a prosecution for seduction, evidence as to the birth of a child to prosecutrix and also constant association and courtship between defendant and the prosecutrix for a long time, with numerous opportunities for sexual intercourse, *held* sufficient corroboration of prosecutrix.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Robert J. White,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose,* and *J. S. Abercrombie,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted for the crime of seduction, in the circuit court of the Northern District of Logan County, and was adjudged to pay a fine of $50 and serve a term of four years in the State Penitentiary as punishment therefor, from which is this appeal.

Appellant's first contention for a reversal of the judgment is upon the alleged ground that the indictment fails to charge that he unlawfully and feloniously did have carnal knowledge of one Verna Willis. The indictment, omitting the caption and signature of the prosecuting attorney, is as follows:

"The grand jury of Logan County and Northern District, in the name and by the authority of the State of Arkansas, accuse Henry Dooms of the crime of seduction committed as follows: Unlawfully and feloniously did have carnal knowledge of one Verna Willis, a single and unmarried female, by virtue of a false and feigned expressed promise of marriage. He, the said Henry Dooms, then and there being single and unmarried man. Against the peace and dignity of the State of Arkansas."

We think to charge appellant with "seduction committed as follows: unlawfully and feloniously did have carnal knowledge of one Verna Willis," was tantamount to charging him with unlawfully and feloniously having carnal knowledge of one Verna Willis. It is true that, under § 3012 of Crawford & Moses' Digest, an indictment must be certain and direct as to the party and offense charged, the particulars thereof, and the county in which committed, but, under § 3013 of said Digest, an indictment is sufficiently definite if it can be understood therefrom that it was found by a grand jury impaneled in a court having jurisdiction of the crime, if the offense was committed within the jurisdiction of the court before the finding of the indictment, and if the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case. We think the indictment clearly apprised appellant that he was charged with unlawfully and feloniously having carnal knowledge of one Verna Willis. It is not contended that the indictment was defective in any other respect.

Appellant's next and last contention for a reversal of the judgment is upon the alleged ground that the testimony of sexual intercourse by the prosecutrix was not corroborated by any testimony of a substantial nature. In order to convict one for seduction, it is necessary that the testimony of the prosecutrix be corroborated both as to the promise of marriage and the act of sexual intercourse. *McMaster* v. *State,* 163 Ark. 194, and cases

herein cited to this point. "Only such corroborative evidence is required as, in the nature of the case, is obtainable, and, when produced, though circumstantial and slight in character, a case is made for the jury to determine." 24 R. C. L. par. 63, p. 779; *Brooks* v. *State,* 126 Ark. 98; *Patrick* v. *State,* 135 Ark. 173; *Jackson* v. *State,* 154 Ark. 119. The record not only reflects that a child was born, but, according to the testimony of the father and mother of the prosecutrix, a constant association and courtship existed between appellant and Verna ;Willis for a long time, with numerous opportunities for sexual intercourse. These facts afford substantial corroboration of the testimony of the prosecutrix to the acts of intercourse.

No error appearing, the judgment is affirmed.