11866

STATE v. HEATH

(130 S. E., 513)

1. SEDUCTION—STATUTE AS TO SEDUCTION "BY ANY MEANS OF DECEPTION AND PROMISE OF MARRIAGE" CONSTRUED.—Cr. Code 1922, § 382, providing any male person over 16, who shall, by any means of deception and promise of marriage, seduce any unmarried woman shall be deemed guilty, must be construed as if it read "any means of deception by promise of marriage."

2. SEDUCTION—EVIDENCE HELD SUFFICIENT CORROBORATION TO REQUIRE SUBMISSION TO JURY.—In prosecution for seduction, evidence *held* sufficient corroboration of woman's testimony to require submission of case to jury.

Before SEASE, J., Cherokee, July, 1924.    Affirmed.

Frank Heath was indicted for seduction under promise of marriage and upon conviction appeals.

*Messrs. Dobson & Vassey,* for appellant, cite: *No corroboration of prosecutrix and case should have been dismissed:* 82 S. C., 280; 103 S. C., 212; 19 Ann. Cas., 869; 105 S. C., 252; 106 S. C., 285; 26 L. R. A. (N. S.), 625; 108 S. C., 459; 119 S. C., 123; 2 R. C. L., 779; 24 R. C. L., 779.

*Mr. I. C. Blackwood, Solicitor,* for the State.

November 23, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment and conviction upon the charge of seduction under promise of marriage. From sentence of ten months' imprisonment, the defendant appeals.

There are six exceptions; the appeal, however, is based upon a single proposition, that a verdict of not guilty should have been directed upon the ground that there was no corroboration of the testimony of the woman in reference to the three essential elements of the crime: Seduction, deception, and promise to marry.

The statute, Section 382 of the Criminal Code, is unhappily framed, "Any male person above the age of sixteen years who shall, by any means of deception and promise of marriage, seduce any unmarried woman," shall be deemed guilty of a misdemeanor, etc. Upon its face it would seem to require some form of deception in addition to the promise of marriage, but the decisions of this Court, very properly, we think, have construed the statute as if it had read "any means of deception by promise of marriage." *State v. Turner,* 82 S. C., 278; 64 S. E., 424; 17 Ann. Cas., 88. *State v. Whitaker,* 103 S. C., 210; 87 S. E., 1001; Ann. Cas. 1918E, 467. *State v. Griffin,* 106 S. C., 283; 91 S. E., 318. *State v. Teal,* 108 S. C., 455; 95 S. E., 70. As is said in an exceedingly able charge by Circuit Judge Mendel L. Smith, in the case last cited:

"Now, to use the language of our Supreme Court in part: 'The means of deception need not be other than the mental attitude of the seducer when he makes the promise of marriage, by which he induces the woman to surrender her virtue, without intending to fulfill his promise, and thereby deceives her, then his conduct is in violation of the statute, and is punishable thereunder.'" *State v. Whitaker,* 103 S. C., 210; 87 S. E., 1001; Ann. Cas. 1918E, 467. Opinion by the Chief Justice.

In *State v. Griffin,* 106 S. C., 283; 91 S. E., 318, it is said:

"The statute has constituted the offense out of two concurring acts: (1) Seduction; (2) deception by promise to marry."

In the case at bar there was ample corroboration of the woman's testimony to require the submission of the case to the jury. As in the *Whitaker Case,* there was corroborative evidence that the defendant had promised to marry the woman; that some one had violated her chastity, that she had become a mother; that the defendant admitted that he was the father of the child before

its birth; that he intended for that reason to leave the country, and did leave; that he boasted of his willingness to ruin a girl and leave the country. All of which tends to prove that he had deceived her into surrendering her virtue upon his promise to marry her.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts and Marion and Mr. Acting Associate Justice R. O. Purdy concur.