# CRIMINAL CASES.

## Richmond.

### HERBERT COLLIER AND OLIVER DEAN
### v. COMMONWEALTH.

#### November 18, 1926.

MALICIOUS MISCHIEF—*Circumstantial Evidence—Sufficiency of Evidence to Support Conviction.*—In the instant case, defendants, C. and D., were convicted of unlawfully cutting automobile tires; the evidence was circumstantial. It shows that C. and D. were within a few feet of the car near the door of a church at night. A witness testified that C. said to D. that "he was going to cut hell out of something;" but the witness did not understand what he was going to cut. Shortly afterwards the witness heard a noise as of air escaping from tires. C. admitted that he had on his person at the time a large knife with sharp blades. Both of the accused testified and denied the charge. It was dark and there were no eye witnesses of the offense.

*Held:* That the evidence was sufficient to sustain the conviction of C. but not of D., who was merely present and made no threat.

Error to a judgment of the Circuit Court of Rockingham county.

*Affirmed as to Collier.*
*Reversed as to Dean.*

The opinion states the case.

*Chas. A. Hammer* and *H. C. Bickers*, for the plaintiffs in error.

*John R. Saunders, Attorney General, Lewis H. Machen* and *Leon M. Bazile, Assistant Attorneys General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The defendants were convicted on separate warrants, by a justice of the peace, of unlawfully cutting three automobile tires, while under the influence of ardent spirits.    Upon appeal to the circuit court they were, by consent, tried together by the same jury, and each again found guilty and fined, Collier $35.00 and Dean $15.00.    They are here claiming that the court erred in refusing to set aside the verdicts as contrary to the evidence.    No other question is raised.

The evidence relied on to support the convictions is circumstantial.    It shows that Collier and Dean were on the outside of a church at night, within a few feet of the car, near the door of the church; that Collier said to Dean that he "was going to cut hell out of" something, but the witness, Shiflett, did not understand what he said it was he was going to cut; that they had been in the church and passed going towards the church door, but did not reenter the church; that shortly thereafter he heard a noise, as of air escaping from tires, but that he did not know that the tires had been cut until later that night.    While Breeden, who was with Shiflett, testified that he did not hear the threat of Collier or the noise of escaping air, Taylor, the owner of the tires, testifies that Breeden told him that he heard the threat and that it was on this information from Breeden that he (Taylor) had the warrants issued against Collier and Dean.    There were several other persons outside of the church and near by, but one of the witnesses, McDaniel, introduced by the

accused, testified that they (these others) were at the side of the church. and not in front where the car was.

The accused, Collier, testifies that he had on his person at the time a large knife with sharp blades. Both of the accused testified and denied all guilt or guilty knowledge. It was dark and there was no eyewitness of the offense.

The convictions come to us sanctioned by the judgment of the justice, the verdicts of the jury, and with the acquiescence of the trial judge, all of whom saw and heard the witnesses. We, of course, hesitate to disturb either conviction. A careful consideration of the record, however, leads us to the conclusion that while the evidence is sufficient to sustain the conviction of Collier, who had both the means and the opportunity, and also made a threat, the significance of which was so soon indicated by the occurrence, it is clearly insufficient to sustain the conviction of Dean, who was merely present, but made no threat and is not otherwise directly connected with the crime.

*Affirmed as to Collier.*
*Reversed as to Dean.*