# Richmond.

ALVIN T. SHAVER V. COMMONWEALTH.

November 15, 1928.

Absent, Chichester, J.

The opinion states the case.

*Curry & Carter* and *Timberlake & Nelson*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General*, for the Commonwealth.

PRENTIS, C. J., delivered the opinion of the court.

The accused has been convicted and sentenced to two years confinement in the penitentiary upon an indictment charging him with seducing an unmarried female, of previous chaste character, under promise of marriage. There are three errors assigned. The first two may be treated together.

The trial court gave instruction No. 2, which reads: "The court instructs the jury that the exact time of the seduction is never material in a prosecution for the offense, and that it is not, therefore, essential that the prosecutrix should be corroborated as to the exact date. And the court further instructs the jury that if they should believe from the evidence that the seduction of and illicit connection of the prisoner with the prosecutrix took place within the statutory period of two years prior to the finding of the indictment by the grand jury, they must find the prisoner guilty." It refused to give instruction No. 1, offered by the accused, which reads: "The court instructs the jury that ordinarily the actual time of committing an offense is not usually the essence of the offense, and therefore it is not necessary to prove the actual time of the commission of the crime charged; but the court tells the jury that in this case the time of the commis-

sion of the offense is of its essence; and the court tells the jury that it is an admitted fact in this case by the Commonwealth that the seduction of Ida Sheets occurred, if it occurred at all, on the night of the 25th day of December, 1925. And the court tells the jury that it devolves on the Commonwealth to establish clearly and conclusively beyond all reasonable doubt and to a moral certainty that Ida Sheets, the prosecutrix, was seduced under a promise of marriage and that the defendant first had carnal connection with her on the night of the 25th day of December, 1925. And the court tells the jury that after considering all of the evidence in this case they have a reasonable doubt as to whether or not the crime charged in the indictment was committed on that night, that is, the night of the 25th of December, 1925, then the jury must give the defendant the benefit of the doubt and find him not guilty."

After this instruction had been refused, the defendant tendered instruction 1-A, which was also rejected. This reads: "The court instructs the jury that the charge in the indictment is that the defendant did seduce under promise of marriage Ida Sheets, and that the said Ida Sheets was at that time of previous chaste character; and the court further instructs the jury that time is not usually of the essence of the offense. This is true as a general proposition; but in the case in judgment if there was any seduction at all it was on December 25, 1925, and so the jury should determine whether or not there was, in fact, a seduction at that time."

The contention is that in this case the jury should have been instructed to acquit the defendant, unless the alleged seduction took place on December 25, 1925.

The general rule certainly and clearly denies such a contention.

In 24 R. C. L. 775, it is thus stated: "The jury should not be instructed in a seduction case that to authorize a conviction the intercourse must have been on a specified date. If the defendant under and by a promise to marry, at any time within the statute of limitations, debauched the prosecuting witness, he may be convicted."

The case of *State v. Mitchell*, 229 Mo. 697, 129 S. W. 921, 138 Am. St. Rep. 433, is cited to support this unqualified statement. There an instruction was offered which directed the jury "that it was essential, in order to authorize a conviction of defendant that the sexual intercourse with the prosecuting witness had to be indulged on a particular date; that is, on the twenty-eighth day of July, 1908. This manifestly is not the law. If the defendant, under and by a promise of marriage, at any time within three years before the filing of the information, seduced and debauched the prosecuting witness, an unmarried female of good repute and under the age of twenty-one years, then the jury would be authorized in finding him guilty." In that case the accused admitted having had sexual intercourse with the prosecutrix, but denied that it was on the date named by her, that is, on the 28th day of July, 1908.

The precise question here presented was before the Iowa court in *State v. Ball*, 49 Ia. 441, in which this appears: "The prosecutrix testified quite positively that the crime of defendant was consumated on the 7th of July, the time charged in the indictment, at the house of a person named by her. The defendant introduced evidence tending to prove that he was not at the house named within three or four days of the time fixed by the prosecutrix. The instructions given to the jury were to the effect that if they found the crime had

been committed on another day, yet within the time prescribed by the statute limiting indictments in such cases, it would be sufficient to authorize conviction. This instruction, and others, which left to the jury the determination of the time of the offense, are made the grounds of objection. The error of counsel in presenting these points is this: They hold the jury bound to accept the testimony of the defendant's witnesses as conclusive as to defendant's absence at the time named, and that, if he was absent, the testimony of the prosecutrix must be disregarded, and cannot be corroborated because of her error or mistake as to the day upon which the crime was consumated. But the jury were correctly required to reconcile this conflict of evidence, which may have been done by disregarding the testimony of defendant's witnesses, or by accepting it and finding that the prosecutrix had been innocently mistaken as to the precise day of the commission of the crime."

The contention of counsel for the defense in that case, so held to be erroneous, is identical with the contention made by the attorneys for the accused in this case. They insist that because of the fact that the prosecutrix so positively named the date and place of the crime, while the evidence of several witnesses who undertook to account for all of the movements of the accused upon that Christmas night, which, if true, established his alibi, that therefore the jury were to be limited as indicated in the instructions which the court refused. They argue the case here upon this point as though the testimony demonstrates the alibi claimed for the accused, apparently overlooking the fact that the prosecutrix is sustained by several witnesses in her testimony that she was alone with the accused at her home for some time and until a late hour upon the night referred to.

■ The facts of the three Michigan cases cited in support of this assignment of error—*People* v. *Jenness*, 5 Mich. 305; *People* v. *Clark*, 33 Mich. 112; and *People* v. *Bressler*, 131 Mich. 390, 91 N. W. 639—are so different from those here shown that we do not think it necessary to distinguish them. They should not be held to impinge upon or discredit the general rule that in a seduction case it is error to instruct the jury that in order to convict, the seduction and illicit intercourse must have occurred on a specified day. All that is necessary in most cases is that the jury shall believe, taking the evidence in its entirety, that the crime charged was committed within the period fixed by statute. *State* v. *Moore*, 78 Iowa, 496, 43 N. W. 273.

The other assignment of error is that the court erred in refusing to set aside the verdict upon the ground that it is contrary to the law and the evidence, and because of after-discovered evidence. Much is said as to the necessity of corroboration.

The statutes differ somewhat in the different States, but our statute, Code, section 4413, provides that no conviction can be had in such cases "on the testimony of the female seduced, abducted or detained, unsupported by other evidence."

In *Mills* v. *Commonwealth*, 93 Va. 818, 22 S. E. 863, Keith P., said: "No case has occurred, it is believed, in which it has been necessary accurately to weigh and discriminate the character, quantity and degree of supporting testimony necessary to justify a conviction; nor is it the purpose of this opinion to undertake to indicate the precise amount of corroborating testimony which would in all cases be found sufficient. It is sufficient to say that it must be evidence which does not emanate from the mouth of the seduced female; that it must not rest wholly upon the credibility, but

must be such evidence as adds to, strengthens, confirms and corroborates her."

In *Riddleberger* v. *Commonwealth*, 124 Va. 785, 97 S. E. 311, Sims, J., said this: "To sustain such a conviction it is well settled that the corroborating evidence need not be direct but may be circumstantial, or partly direct and partly circumstantial evidence. Touching the promise of marriage, it is also well settled that the supporting evidence need be such only as the character of that matter admits of being furnished. As said in the case of *Lasater* v. *State*, 77 Ark. 68, 94 S. W. 58: 'The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence, the supporting evidence possible in most cases is the subsequent admission or declaration of the party making it; or the circumstances which usually accompany the existence of an engagement of marriage * * *. The corroborating evidence need not be sufficient to convict independent of the testimony of the prosecutrix, but it is sufficient if it supplies such facts or circumstances as tend to support such testimony upon the essential elements of the offense. *Creighton* v. *State* (Tex. Cr. App.), 61 S. W. 492. 'And when there is other evidence fairly tending to support the prosecutrix upon facts essential to constitute the offense, it is for the jury to say whether she is corroborated.' "

That this is the accepted rule cannot be fairly doubted. It is not necessary in such cases that the supporting evidence be such as would be sufficient to convict without the evidence of the prosecutrix, but merely of such pertinent facts and significant circumstances as tend clearly to support her testimony, and which satisfy the jury that she is worthy of credit. If there is such other testimony so fairly tending to

support the prosecutrix's testimony as to the facts necessary to constitute the offense, generally it is for the jury to say whether or not she is corroborated. *Wright* v. *State*, 31 Tex. Cr. R. 354, 20 S. W. 756, 37 Am. St. Rep. 822; *Woodward* v. *State*, 143 Akr. 405, 226 S. W. 124; *Dooms* v. *State*, 164 Ark. 50, 260 S. W. 708; *McMaster* v. *State*, 163 Ark. 194, 260 S. W. 45; *State* v. *Ellis*, 1 W. W. Harr. (31 Eel.) 156, 112 Atl. 172; *State* v. *Whitaker*, 103 S. C. 210, 87 S. E. 1001, Ann. Case. 1918E, 468, note.

██ ██ Applying this rule to the testimony in this case, it is perfectly apparent that the prosecutrix is corroborated by the members of her immediate family and those in the best position to know the facts. The accused had been visiting her for eighteen months regularly. He generally came to see her every Sunday night, and sometimes two or three times during the week; drove with her in his automobile to Verona, where she was at work, often, and to Staunton; and was alone with her at her home frequently at late hours in the night. Two of his companions testified that he claimed to have had illicit intercourse with the prosecutrix. It is contended that there is not sufficient corroboration because there were no incriminating letters, no public attentions, and no presents given her by the accused, but the absence of these circumstances, while unusual in such cases, should only be considered as affecting the weight of the other incriminating facts. The accused was a farm laborer and under twenty-one years of age. He was not highly educated. That he was not in the habit of writing letters to her is explained by the fact that he lived within a mile of her home and saw her so frequently. That he gave her no presents is explained by the fact that he had little money. The failure to prove incriminating facts which are usual,

does not destroy the significance of the other facts which were proved. When the warrant of arrest was issued, he said and did little, but that which he said and did was most significant. He said that he did not believe the child was his; he went with the officers, who had a warrant for his arrest, and a brother-in-law of the prosecutrix, to the clerk of the court for a marriage license; he was present when an appointment was made with a minister to perform the ceremony, and while he did little talking, he apparently acquiesced in all of the efforts of the girl's relative to require him to marry her. According to the testimony of reputable witnesses, the only reason the marriage did not take place was because his father (he being a minor) would not give his consent and aid him in securing the marriage license. There is evidence to the effect that he agreed that if he could not then secure the marriage license, he would go with her to an adjoining State and be there married. Most of the incriminating facts were strenuously denied by him and by witnesses introduced by him, chiefly members of his own family, as her witnesses were chiefly members of her family. In such a case, under our system, the conflict in the testimony must be submitted to a jury. The supporting testimony is ample to justify the conviction.

Another ground of error is that there was after-discovered evidence, in support of which there was an affidavit produced from one who claimed to have seen the prosecutrix in a compromising position some time before her alleged seduction by the accused. The occasion was a bathing party at night, and a number of other young people were at the party, though not at the place of the occurrence. As to this it is unnecessary to repeat the rules governing such motions. The judgment of the trial court upon such questions has great

weight here. This affidavit states a remarkable circumstance discreditable to the prosecutrix, observed and within the knowledge of the affiant, which had been withheld for two or three years. She knew the prosecutrix and the accused, lived in the same vicinity all her life until three months after the indictment. After her own marriage she lived in an adjoining county, and though there had been three public trials of the case, the alleged fact is first publicly revealed by this affidavit. The prosecutrix proved an unsullied reputation, and it is not at all probable that such testimony would have changed the result if it had been discovered before and introduced at the last trial. The motion was properly overruled.

Upon the first trial there was a conviction, which the trial court set aside, as was said in oral argument, because of after-discovered evidence. Upon the second trial the jury were unable to agree; and upon the third and last trial he was again convicted. Under the circumstances shown, there was no error in the judgment of the trial court in refusing to set aside the second and last verdict of guilty.

We find no error and the judgment will be affirmed.

*Affirmed.*