### Staunton.

WALTER HOPKINS v. COMMONWEALTH.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Harless & Colhoun* and *Milton Johnson*, for the plaintiff in error.

*John R. Saunders, Attorney-General*, and *Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General*, for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

In this case, Walter Hopkins, was convicted of seduction of one Janie Connor, in the Circuit Court of Giles county. Upon refusal of the court to set aside the verdict and to grant the accused a new trial because there was no evidence to support the verdict, a writ of error was awarded the accused by one of the justices of this court. The petition for the writ of error charges the trial court with error in refusing an instruction and in refusing to set aside the verdict of the jury as contrary to law and without evidence to support it. This latter motion to set aside the verdict should have been granted. There is no evidence to support the verdict. The testimony of the prosecutrix of a promise of marriage prior to the act of intercourse is totally without any sort of evidence to corroborate the belated charge by the prosecutrix that there was a previous promise of marriage, upon the strength of which she yielded her person to her alleged seducer.

It is essential in these cases that the prosecutrix be corroborated. Authority could be multiplied without limit in support of this proposition but it is so well established that citation of authority is unnecessary. See *Riddleberger* v. *Commonwealth*, 124 Va. 785, 97 S. E. 310.

The evidence from the standpoint of the Commonwealth, and practically as upon a demurrer to the evidence is fairly stated as follows: The prosecutrix contradicted herself as to the prior promise of marriage. C. M. Munsey, the justice of the peace who held the preliminary hearing, stated that on December 17, 1927, at the hearing, the prosecutrix, after being sworn and when testifying against the defendant, twice stated that no offer of marriage was held out to her until

after the act of intercourse had taken place. The prosecutrix afterwards testified on the trial of the defendant before the jury, that she met the accused in July, 1927, and that on his first or second visit to her he had sexual intercourse with her in the woods, off the main road, at which time he told her "if anything happened to her he would marry her;" that he asked to marry her before the intercourse and, on the faith of this promise, she consented; that after the intercourse and while returning to the car the accused asked her if she loved him well enough to marry him, to which she replied she did not know; that she had testified before the justice that the accused told her, at the time he had intercourse with her, that if anything happened to her he would marry her.

Aleck Conner, father of the prosecutrix, testified that in November (four months after the act of intercourse) he learned that his daughter was pregnant and, during the same month (November), the accused asked to marry his daughter.

Byrd Prunty, an aunt of the prosecutrix, testified that during the month of November (four months after the act of intercourse), she heard the accused tell the prosecutrix that he would come for her on the following Saturday; and

A. D. Gerbrech, a merchant of Pearisburg, testified that in the same month of November, 1927, the accused asked him to let the prosecutrix have a dress and that he would pay for it and that she thereafter called and got the dress.

There is no corroboration of the prosecutrix's statement that the accused made a prior promise of marriage. Certainly none appears in the evidence of the witnesses for the Commonwealth and there are no circumstances appearing in the record of a corroborative

nature, and we have quoted the testimony of practically every witness for the Commonwealth who testified at the trial.

There is no evidence that the accused in the instant case was a suitor of the prosecutrix, such as the record in the *Shaver Case*, 151 Va. 545, 145 S. E. 377, or the *Judd Case*, 146 Va. 266, 135 S. E. 710, relied on by Commonwealth, disclose, and other cases of like nature.

The judgment of the trial court therefore should be reversed, the verdict set aside and the cause remanded for a new trial if the attorney for the Commonwealth so advise.

*Reversed and remanded.*